UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael J. STOOPS, Defendant–
Appellant.

No. 93–10244.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 9, 1994.

Decided June 1, 1994.

Deborah M. Fine, Asst. Federal Public Defender, Phoenix, AZ, for defendant-appellant.

Phyllis S. Kilbreath, Asst. U.S. Atty., Phoenix, AZ, for plaintiff-appellee.

Before: Poole, Beezer and T.G. Nelson, Circuit Judges.

Opinion by Judge BEEZER.

BEEZER, Circuit Judge:

Michael Stoops appeals the sentence imposed under the United States Sentencing Guidelines following his plea of guilty to one count of bank robbery. Stoops received a two-level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). He contends that the district court erred by denying him an additional one-level reduction pursuant to § 3E1.1(b). We vacate the sentence and remand.

I

On August 13, 1992, Stoops approached a teller in a First Interstate Bank branch and handed her a demand note. He falsely claimed to have a firearm. The teller gave him approximately $1,890, and Stoops fled the bank.

Stoops was apprehended within minutes, after a bank patron gave police officers

Stoops' license-plate number. The arresting officers advised Stoops of his constitutional rights. Stoops agreed to answer questions, confessed to the crime, and told the officers that the stolen money and the demand note were in a bag behind the passenger seat of his motor vehicle. Stoops was positively identified by the bank teller and two bank patrons. He repeated his admissions to other police officers at the jail, and later to FBI agents.

Stoops was indicted on September 8, 1992, on one count of bank robbery in violation of 18 U.S.C. § 2113(a). On November 10, 1992, Stoops filed notice of intent to rely upon a defense of insanity, pursuant to Fed. R.Crim.P. 12.2. This led to several psychiatric examinations of Stoops. Stoops also moved to suppress his statements and to suppress evidence seized from his motor vehicle at the time of the arrest. The government responded to these motions, and an evidentiary hearing was scheduled for January 11, 1993. Trial was scheduled for January 18, 1993.

On January 8, 1993, Stoops notified the government of his intention to plead guilty. As a result, the district court conducted a change-of-plea hearing rather than a suppression hearing on January 11, 1993. Stoops entered a plea of guilty to the one-count indictment.

The Presentence Report prepared by the Probation Office initially recommended that the district court decrease the offense level by two levels pursuant to U.S.S.G. § 3E1.1(a) and decrease the offense level an additional level pursuant to § 3E1.1(b). The government opposed the additional one-level reduction on the grounds that Stoops' disclosure of his own involvement in the offense was not timely and that his disclosures did not aid the investigation and prosecution of the case. The Probation Officer outlined the government's objection:

> The Government submits the defendant does not qualify for a three-level reduction. . . . [A] confession does not automatically qualify the defendant for the "super acceptance" resulting in a three-level reduction. The defendant challenged the constitutionality of the confession. . . .

> After reviewing the chronology of events, the presentence report has been amended to reflect a two-level reduction. . . .

The district court adopted all of the guideline findings set out in the Presentence Report and denied the additional one-level reduction under § 3E1.1(b). Stoops appeals.

## II

■ We review de novo the district court's application of the Sentencing Guidelines. *United States v. Fagan*, 996 F.2d 1009, 1017 (9th Cir.1993). Whether the defendant has accepted responsibility is a factual determination that we review for clear error. *United States v. Gonzalez*, 897 F.2d 1018, 1019 (9th Cir.1990).

### A

■ Stoops argues that his day-of-arrest confessions qualify him for the adjustment under § 3E1.1(b)(1). We agree.

Prior to November 1, 1992, the Sentencing Guidelines provided for a two-level downward adjustment of the offense level for acceptance of responsibility. U.S.S.G. § 3E1.1. Effective November 1, 1992, the section was amended to include an additional one-level adjustment. Section § 3E1.1 now provides:

(a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

(b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:

(1) timely providing complete information to the government concerning his own involvement in the offense; or

(2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently,

decrease the offense level by 1 additional level.

The application notes state that:

[t]he timeliness of the defendant's acceptance of responsibility is a consideration under both subsections, and is context specific. In general, the conduct qualifying for a decrease in offense level under subsection (b)(1) or (2) will occur particularly early in the case.

§ 3E1.1 Application Note 6.

The additional decrease under subsection (b) is available only to those defendants who first qualify for the two-level reduction of § 3E1.1(a). Once a defendant demonstrates acceptance for purposes of that subsection, the district court must consider whether the defendant's acceptance was *timely* for purposes of § 3E1.1(b). Subsection (b) directs the district court to grant the additional one-level adjustment if the offense level prior to the two-level reduction for acceptance of responsibility under subsection (a) was 16 or greater and if the defendant assists authorities in the investigation or prosecution of his misconduct by either timely providing complete information about his involvement or timely notifying the authorities of his intent to plead guilty.

Stoops qualified for the initial two-level reduction under § 3E1.1(a) for clearly demonstrating his acceptance of responsibility. His offense level prior to the operation of subsection (a) was 22. Stoops therefore would qualify for the additional one-level reduction if he met the conditions set out in either subsection (b)(1) or (b)(2).

**B**

■ The government argues that Stoops does not qualify under subsection (b) because Stoops' confessions did not assist the authori-

ties in their investigation and prosecution and because Stoops challenged the admissibility of his confessions in pre-trial motions to suppress.[1]

The language of subsection (b)(1) requires that the additional decrease be granted if the defendant timely provided "complete information to the government concerning his own involvement in the offense." Stoops confessed on three separate occasions on the day he committed the crime and was arrested. He admitted that he robbed the bank and directed the officers' attention to the bag with the money and the demand note.

The government argues that Stoops' confessions did not "assist[ ] authorities in the investigation or prosecution" for purposes of subsection (b), because the information Stoops provided was readily available to the police without the confessions. The government argues that while they may be relevant to determining whether he was entitled to the two-level reduction under subsection (a),[2] Stoops' confessions are not relevant under subsection (b) unless there was a tangible benefit to the government.

The government's reasoning is unpersuasive. First, subsection (b) provides that a defendant qualifies for the reduction if he assists authorities "by taking one or more of the following steps." The Sentencing Commission's use of the phrase "by taking" suggests both that a defendant does not qualify for the reduction if he takes some other, unspecified, step and also that a defendant does qualify for the reduction if he takes the prescribed step. Second, subsection (b) does not require that the defendant timely provide information that authorities would not otherwise discover or would discover only with difficulty; it requires merely that the defendant "assist" the authorities by timely pro-

---

1. The government also argues that Stoops does not qualify for the reduction because he did not notify the government of his intent to plead guilty until very shortly before trial. Because of Stoops' motions and delay, the government argues, his notice of intent to plead guilty did not permit the government to avoid preparing for trial. This argument is relevant only to whether Stoops qualified for the reduction under § 3E1.1(b)(2). We need not address the question whether Stoops' conduct disqualified him under

subsection (b)(2) because he clearly qualified under subsection (b)(1).

2. The government notes that an appropriate consideration in deciding whether a defendant has demonstrated acceptance of responsibility is the defendant's "voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense." § 3E1.1 comment. (n.1(e)).

viding complete information or by timely notifying them of his intent to plead guilty.

Under the government's constrained reading of subsection (b), an entire class of defendants would be ineligible for the additional reduction essentially because their cases were not difficult to investigate or prosecute. We reject this interpretation as inconsistent both with the language of the subsection and with the Commission's stated intent to appropriately adjust the offense level for a defendant who "accept[s] responsibility in a way that ensures the certainty of his just punishment in a timely manner." § 3E1.1, comment. (backg'd). Multiple consistent confessions on the day of arrest ordinarily serve such a purpose.[3] We therefore reject the government's theory that a timely confession qualifies a defendant for the reduction only if the information is not otherwise available to the police.

The government also argues that Stoops does not qualify for the reduction under § 3E1.1(b) because Stoops challenged the admissibility of his confessions in pretrial motions to suppress. The government reasons that a confession does not qualify a defendant for the reduction unless its admissibility goes unchallenged. This theory conflates subsections (b)(1) and (b)(2). These subsections are separated by the connective "or," not "and." A defendant qualifies under subsection (b)(1) if he timely provides complete information, whether or not he moves to suppress or timely notifies the government of his intent to plead guilty. Stoops' pretrial motions do not bear on the timeliness of his confession, but rather on the timeliness of his guilty plea. Although the motions may have delayed his notice of intent to plead guilty, they could not have delayed his confessions, which had already occurred.

### III

The district court erred in denying Stoops the additional one-level decrease in his offense level under U.S.S.G. § 3E1.1(b)(1). Although his assistance to the authorities may have been slight, Stoops' three day-of-arrest

confessions merit the additional one-level reduction. We therefore vacate the sentence and remand to the district court for resentencing in a manner consistent with this opinion.

VACATED AND REMANDED.

---

3. We further find it difficult to imagine a case in which the investigating and prosecuting authorities would not be assisted by a defendant's timely, complete confession. A timely confession may obviate the need for further investigation and may greatly ease the burden of prosecution.