35 F.3d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Giovanni Fontes SCOLARI, Defendant-Appellant.
 No. 93-50627.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 30, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Giovanni Fontes Scolari appeals his 151-month sentence imposed following a guilty plea to possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1). Scolari contends the district court erred by refusing to grant an additional one-level reduction for acceptance of responsibility under U.S.S.G. Sec. 3E1.1(b). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We vacate Scolari's sentence and remand for resentencing.
 
 
 3
 We review for clear error the district court's factual determination that a defendant is not entitled to an additional one-level reduction under section 3E1.1(b). United States v. Hopper, No. 93-10183, slip op. 6321, 6327 (9th Cir. June 15, 1994).
 
 
 4
 Where, as here, a defendant qualifies for a two-level reduction under section 3E1.1(a) and his offense level was 16 or higher, the district court must determine if the defendant meets the conditions set forth in section 3E1.1(b)(1)-(2). See United States v. McClain, No. 93-10338, slip op. 8289, 8292 (9th Cir. July 26, 1994) (per curiam). Under subsection (b), added to section 3E1.1 by a 1992 amendment, a defendant is entitled to an additional one-level reduction for performing the following steps:
 
 
 5
 (1) timely providing complete information to the government concerning his own involvement in the offense; or
 
 
 6
 (2) timely notifying authorities of his intention to enter a plea of guilty thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently, decrease the offense level by 1 additional level.
 
 
 7
 U.S.S.G. Sec. 3E1.1(b) (Nov. 1992); accord United States v. Kimple, No. 92-10735, slip op. 6809, 6815 (9th Cir. June 24, 1994). A defendant may qualify for the additional one-level reduction by satisfying the requirements of either subsection (b)(1) or (b)(2). See Hopper, No. 93-10183, slip op. at 6334.
 
 
 8
 To qualify for a reduction under subsection (b)(1), the defendant must provide "information regarding the crime which the Government has not yet discovered through its own investigation efforts.... [I]f the Government has already discovered the information, a defendant's subsequent disclosure of the same information will not spare the Government in its investigation." See Hopper, No. 93-10183, slip op. at 6333; accord United States v. Snoops, 25 F.3d 820, 822-23 (9th Cir.1994).
 
 
 9
 A defendant is not entitled to a reduction under subsection (b)(2) "if either the prosecution is substantially prepared to present its case or the [trial] court has not been given sufficient time to reschedule its calendar." Hopper, No. 93-10183, slip op. at 6334. The district court may not deny the additional reduction for timely acceptance simply because the government was required to respond to pretrial motions. Kimple, No. 92-10735, slip op. at 6817. The government must "establish[ ] that it prepared for trial in conjunction with responding to pretrial motions" to justify the denial of the reduction. Id.
 
 
 10
 At sentencing, the government indicated that, although Scolari provided information regarding the crime, the information did not assist them because "there just wasn't very much there that he knew." In response, defense counsel stated, "[t]he problem with all of these things is that if a person doesn't know very much and gives everything he knows, he should be benefitted in some way. And I think that in some way that [additional] one point ... should be given...." Stating that defense counsel's reasoning conflicted with the law, the court denied the additional (b)(1) reduction. We discern no error. Scolari's disclosure failed to assist the government in the investigation or prosecution of Scolari's crime. See Hopper, No. 93-10183, slip op. at 6335.
 
 
 11
 In denying an additional (b)(2) reduction, the district court stated that "there have been any number of motions. There was much motion practice, et cetera, prior to--and denied all the motions, as I recall--prior to the entry of a plea, the government's preparation attendant with not only the motions, but for trial...." Although Scolari filed a number of pretrial motions, and entered a guilty plea only 8 days before the scheduled trial date, we conclude that the district court did not make adequate factual findings to support the denial of a (b)(2) reduction.[1] Scolari may not be denied a (b)(2) reduction simply for filing numerous pretrial motions. See Kimple, No. 92-10735, slip op. at 6817.
 
 
 12
 The record is devoid of any evidence that, at the time Scolari notified authorities of his intent to plead guilty, the government had undertaken meaningful trial preparation, or that the court had insufficient time to reschedule its calendar. See id. at 6820 n. 5 (government must show "to the satisfaction of the district court that it was engaged in meaningful trial preparation when the defendant gave notice of his intent to plead guilty"); Hopper, No. 93-10183, slip op. at 6334 ("If a decision to plead guilty is likely to result in an empty courtroom because the court has not been given sufficient time to reschedule its calendar, then the defendant has not met subsection (b)'s primary purpose of judicial efficiency.)"
 
 
 13
 Accordingly, we vacate Scolari's sentence and remand to the district court for resentencing consistent with this memorandum disposition.
 
 
 14
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We note, however, that the district court was without the benefit of our recent decisions clarifying section 3E1.1(b) at the time of sentencing