**Kyle HALMOS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Crim. No. 92–01608 DAE.**
**Civ. No. 94–00812 DAE.**

United States District Court,
D. Hawai'i.

Jan. 9, 1995.

---

Kyle Halmos, pro se.

Richard Ney, Fed. Public Defender, Birney Bervar, Honolulu, HI, for petitioner Kyle Halmos.

Daniel A. Bent by Sharon A. Takeuchi, Asst. U.S. Atty., Honolulu, HI, for respondent U.S.

## *ORDER DENYING MOTION TO VACATE JUDGMENT AND SENTENCE UNDER 28 U.S.C. § 2255*

DAVID ALAN EZRA, District Judge.

Petitioner represents himself in this matter and brings this motion under 28 U.S.C. § 2255, seeking to vacate the judgment and sentence entered by this court on August 2, 1993. Pursuant to Local Rule 220–2(d) and 28 U.S.C. § 2255, the court considers Petitioner's motion without a hearing. After reviewing the Petitioner's motion and accompanying memorandum, the court DENIES Petitioner's request for reduction in his sentence.

### *BACKGROUND*

Petitioner Kyle Halmos ("Halmos") pled guilty to bank robbery in violation of 18 U.S.C. § 2113(a) and received a sentence of 51 months incarceration to be followed by 3

years supervision. Court-appointed attorney Birney B. Bervar, represented Petitioner.

Halmos admitted entering the Aiea branch of the Bank of Hawaii on November 18, 1992, approaching a teller and handing her a note demanding money. According to the teller's testimony at an evidentiary hearing, the note contained the threat: "give me all your money ... or you will die." Transcript of Proceedings ("Transcript"), Aug. 2, 1993, at 6. Halmos verbally communicated the same message. *Id.* The teller, however, turned out to be related to Halmos and recognized him. After she identified herself to Halmos as his sister's husband's sister, Halmos admonished her not to turn him in and left the bank without receiving any money. *Id.* at 7.

On November 25, 1992, with the knowledge that the police were looking for him, Halmos contacted investigators, identified himself as the person who attempted to rob the bank, informed them that he was experiencing psychiatric problems and that he desired to surrender himself. Halmos surrendered two days later, on November 27, 1992 but did not at that time admit to committing the offense, refusing to discuss the matter without advice of an attorney. Petitioner's Memorandum of Fact and Law in Support of Motion Pursuant to Title 28 U.S.C. § 2255 ("Petitioner's Memorandum"), at 2. At his arraignment on November 27, the Magistrate ordered a report on Petitioner's mental condition and competency. Halmos was charged in a single-count indictment on December 3, 1992 for attempting to take, by intimidation, from the person or presence of another, money belonging to and in the care of a bank as defined in 18 U.S.C. § 2113(f), in violation of 18 U.S.C. § 2113(a).

Halmos states that in March 1993, his attorney contacted the Assistant United States Attorney in order to negotiate a plea agreement. Petitioner's Memorandum at 2. An April 5, 1993 hearing on change of plea was continued in order for the court to review the doctor's report finding Halmos competent to stand trial. On April 12, 1993, the court accepted Halmos's guilty plea pursuant to Rule 11.

At sentencing, this court awarded a two-level reduction in offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(a). At the hearing, Halmos, through his attorney, argued that he should receive an additional one-level reduction because either (1) he timely provided complete information to the government concerning his own involvement in the offense, or (2) he timely notified authorities of his intention to plead guilty, thereby permitting the government to avoid preparing for trial. U.S.S.G. § 3E1.1(b)(1), (2). This court denied the additional one-level reduction.

Due to the total offense level and criminal history level, the sentencing guidelines called for a prison range of 51 to 63 months. Petitioner's attorney did not argue for a downward departure due to diminished capacity because attempted bank robbery is considered a violent crime. Transcript at 18. However, his attorney did request this court to consider diminished capacity factors within the given range of 51–63 months, which this court did in sentencing Petitioner to 51 months of incarceration, the lowest end of the guidelines.

Halmos alleges that his attorney's representation was ineffective both during the sentencing hearing and in failing to directly appeal. Petitioner bases his arguments on his attorney's (1) failure to assert that an *attempted* robbery should be subject to a three-level reduction in offense level pursuant to § 2X1.1 of the Sentencing Guidelines; (2) ineffectual argument before the court that Petitioner should have received an additional one-level decrease under § 3E1.1(b) for acceptance of responsibility; and (3) error in stating that Petitioner's offense was a violent crime not eligible for a § 5K2.13 downward departure.

### STANDARD OF REVIEW

I. Section 2255 Motions

This court's review of Petitioner's motion is provided for in 28 U.S.C. § 2255:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in

violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. Because the scope of collateral attack of a sentence under § 2255 is limited, it does not encompass all claimed errors in conviction and sentencing. *United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 2240, 60 L.Ed.2d 805 (1979). However, petitioner alleges that errors in sentencing and his failure to appeal resulted from ineffectiveness of counsel. Ineffectiveness of counsel claims are customarily raised under 28 U.S.C. § 2255, rather than direct appeal. *United States v. Hoslett*, 998 F.2d 648, 660 (9th Cir.1993). Pursuant to 28 U.S.C. § 2255, the court may dispose of the motion without requiring a response from the government where the motion, files and records of the case conclusively show that the prisoner is not entitled to relief. *Fontaine v. United States*, 411 U.S. 213, 215, 93 S.Ct. 1461, 1462, 36 L.Ed.2d 169 (1973); *United States v. Moore*, 921 F.2d 207, 211 (9th Cir.1990).

II. Ineffective Assistance of Counsel

■ To establish a claim of ineffectiveness of counsel, a petitioner must demonstrate that (1) his counsel's actions "fell below an objective standard of reasonableness" and that (2) he was prejudiced in a way that deprived him of a fair trial resulting in a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *United States v. Espinoza*, 866 F.2d 1067, 1070 (9th Cir.1988) (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 2064–65, 2068, 80 L.Ed.2d 674 (1984)). Furthermore, the focus of the prejudice analysis is on whether the result of the proceeding was fundamentally unfair or unreliable because of counsel's ineffectiveness. *Lockhart v. Fretwell*, —— U.S. ——, ——, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or proce-

dural right to which the law entitles him." *Id.*

## DISCUSSION

Petitioner asserts that his attorney's representation was ineffective on three grounds: (1) failure to receive a three-point reduction in offense level under U.S.S.G. § 2X1.1 (Attempt, Solicitation, or Conspiracy), because his crime consisted in only an attempted robbery; (2) denial of an additional one-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b); and (3) failure to appeal denial of a downward departure under U.S.S.G. § 5K2.13 for diminished capacity in light of subsequent Ninth Circuit decisions.

I. Petitioner's § 2X1.1 Claim.

In order for Petitioner to succeed in his § 2255 motion, he must show that his counsel's conduct fell outside the range of reasonable professional assistance and probably resulted in a different outcome. The record indicates that his attorney did not argue for a three-level reduction for attempt. Petitioner relies on *United States v. Colussi*, 22 F.3d 218 (9th Cir.1994), for the proposition that the language of § 2X1.1 is not permissive and leaves no discretion to the sentencing court to refrain from giving the three-level reduction.

■ Halmos argues that he should have received a decrease of three levels pursuant to § 2X1.1(b)(1) because his offense consisted in only an attempt. However, § 2X1.1(c) provides that "when an attempt ... is expressly covered by another offense guideline section, apply that guideline section." Petitioner's offense is the crime of robbing *or attempting* to rob, and the substantive offense is therefore covered by § 2B3.1 ("Robbery") of the guidelines. *United States v. Toles*, 867 F.2d 222 (5th Cir.1989) (concluding sentencing guideline allowing decrease for incomplete offense did not apply to sentencing for attempted robbery).

■ However, even assuming arguendo that § 2X1.1 does provide for an offense level reduction in bank robbery, Halmos would still not be entitled to a three-level decrease.

Section 2X1.1(b)(1) expressly provides that a decrease is not warranted if:

the defendant completed all the acts the defendant believed necessary for successful completion of the substantive offense or the circumstances demonstrate that the defendant was about to complete all such acts but for the apprehension or interruption by some similar event beyond the defendant's control.

A defendant convicted of violating 18 U.S.C. § 2113(a) is not entitled to a three-level reduction in offense level when the crime would have been complete "but for" some interceding event outside defendant's control. *United States v. Yellowe,* 24 F.3d 1110 (9th Cir. 1994) (holding no entitlement to three-level reduction where sole reasons offense not completed was intercession by law enforcement authorities and agents disconnected computer terminals by which defendant attempted to access funds); *United States v. Chapdelaine,* 989 F.2d 28 (1st Cir.1993) (affirming denial of three-level decrease in offense level because completion of robbery was frustrated only by change in armored truck's schedule); *Toles,* 867 F.2d 222 (finding defendant who had given demand note to teller without keys to cash box had completed all acts necessary for successful completion of robbery and was not entitled to three-level decrease).

■ In Petitioner's case, the completion of the robbery was frustrated only by the coincidental recognition of Halmos by the teller who was related to him by marriage. Prior to that recognition, Halmos had entered the bank, handed the demand note to the teller, and twice communicated verbal threats. Transcript, at 6. Because Halmos had completed all acts necessary for completion of the crime, the court finds that § 2X1.1(b) does not apply.

Petitioner's § 2X1.1 claim is meritless and consequently any assertion that counsel was ineffective on this ground is also without merit. The result of the proceeding was not fundamentally unfair and counsel's failure to assert the § 2X1.1 claim caused no prejudice to Halmos. Accordingly, this court DENIES Petitioner's § 2255 motion based on the § 2X1.1 claim.

## II. Petitioner's § 3E1.1(b) Claim.

This court granted a two-level reduction in offense level for acceptance of responsibility under § 3E1.1(a). Halmos argues that he should have received an additional one-level decrease under § 3E1.1(b). Petitioner's counsel did present this argument during the sentencing proceeding but failed to persuade this court on its merits. Halmos argues that subsequent Ninth Circuit case law should alter that ruling. However, after reviewing Petitioner's Memorandum, this court still finds Petitioner's argument meritless, even if the attorney had failed to raise the argument and even if recent Ninth Circuit cases applied to Petitioner's sentencing.

To qualify for the additional reduction under § 3E1.1(b), a defendant must meet the conditions for § 3E1.1(a), have an offense level of 16 or greater, and assist authorities by taking one or more of the following steps:

(1) timely providing complete information to the government concerning his own involvement in the offense; or

(2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently[.]

U.S.S.G. § 3E1.1(b). The Sentencing Guidelines language "eschews any court discretion to deny" the one-level reduction once all the essential elements of subparagraph (b) are met. *Colussi,* 22 F.3d at 219–20 (quoting *United States v. Tello,* 9 F.3d 1119, 1129–30 (5th Cir.1993)).

Halmos attempts to analogize his case to the facts of *United States v. Stoops,* 25 F.3d 820 (9th Cir.1994). In *Stoops,* officers apprehended and arrested a bank robber within minutes of the incident. After being advised of his constitutional rights, Stoops confessed to the arresting officers, investigators at the jail, as well as to the FBI on the same day, and informed them of the location of the stolen funds and the demand note. 25 F.3d at 821. The court found that these "multiple consistent confessions" to law enforcement officials qualified Stoops for the additional one-level decrease under § 3E1.1(b)(1), de-

spite his later challenge to the admissibility of the confessions in pretrial motions to suppress. *Id.* at 823. Halmos argues that his telephonic confession two days prior to his surrender and his discussion of events concerning the robbery attempt with the doctor performing the psychiatric evaluation also qualified him for the one-level reduction, despite his refusal to answer further questions while in custody after having been informed of his constitutional rights.

This court finds Petitioner's reliance on *Stoops* unpersuasive. The defendant there fully assisted authorities prior to his motion to suppress. In Petitioner's case, the telephonic communication and discussion of events with a court-appointed doctor are not equivalent to the "multiple consistent confessions" to police officers and the FBI in *Stoops*. In addition, Halmos never acknowledged that his conduct included a death threat, although the evidence indicated that he did make such a threat, both verbally and in writing. Petitioner's actions can hardly be characterized as "timely providing complete information" as required by § 3E1.1(b)(1).

Halmos argues that his exercise of his constitutional right to have an attorney present during questioning is not a refusal to admit guilt and should not preclude the one-level decrease. However, as this court pointed out in the sentencing proceedings, the denial of the additional reduction was not a penalty for the exercise of any constitutional right; Petitioner's conduct simply did not entitle him to any additional reward or incentive. Transcript at 15. As the Ninth Circuit stated recently:

> Section (b) allows the defendant to *earn* an additional reduction by providing timely notice of his intention to plead guilty, and it thus creates an *incentive* for an early plea. Incentives for plea bargaining are not unconstitutional merely because they are intended to encourage a defendant to forego constitutionally protected conduct.

*United States v. Narramore,* 36 F.3d 845, 847 (9th Cir.1994) (emphasis added). Halmos did not fully and timely provide information to the government and thus did not earn the additional reduction under § 3E1.1(b)(1).

Petitioner also argues that he should have received the one-level decrease under § 3E1.1(b)(2) for timely notifying the government of his intention to plead guilty, citing *United States v. Kimple,* 27 F.3d 1409 (9th Cir.1994), for support. In *Kimple,* the Ninth Circuit determined the meaning of "timely" acceptance of responsibility for the purposes of subsection (b)(2). In considering a case where the district court denied the additional one-level reduction to a narcotics offender who had filed a pretrial motion to suppress, the appellate court held that a defendant is entitled to the decrease only if he has pled guilty before the prosecution has made "meaningful trial preparations." *Id.* at 1413. The court found that "merely opposing a suppression motion is not sufficient to constitute trial preparation." *Id.* at 1415.

■ Applying this holding to the instant case, however, does not benefit Halmos. Petitioner argues that a one-line statement in the presentence report concerning the extent of the government's preparation for trial should not be sufficient proof that "meaningful" trial preparation occurred. However, he ignores the fact that this court questioned the Assistant United States Attorney during the sentencing proceedings and found that preparation of subpoenas, jury instructions and voir dire was sufficient under the § 3E1.1(b)(2) to deny the one-level reduction. *See* Transcript at 14–16. Because meaningful trial preparation had taken place, Petitioner's claim under this subsection is also groundless.

Petitioner's conduct fails to satisfy all the "essential elements and steps and facets of the tripartite test of subparagraph (b)." *See Colussi,* 22 F.3d at 219–20. Both his § 3E1.1(b)(1) and (b)(2) arguments are meritless. Because the underlying arguments are flawed, Petitioner's allegation that his counsel was ineffective is also baseless. Accordingly, this court DENIES Petitioner's § 2255 motion based on his § 3E1.1(b) claim.

III. Petitioner's § 5K2.13 Claim.

■ Petitioner's final argument for resentencing assigns error to this court for denying a downward departure based on diminished capacity under U.S.S.G. § 5K2.13. To

qualify for a downward departure under this provision, a defendant's offense must be "non-violent." In the sentencing hearing, Petitioner's counsel agreed that attempted bank robbery is a violent offense precluding any downward departure. Transcript, at 18. However, Halmos maintains that an unarmed bank robbery can be considered a non-violent crime under current Ninth Circuit case law. Petitioner offers no authority in support of this assertion.

In fact, Ninth Circuit case law continues to follow *United States v. Borrayo,* 898 F.2d 91 (9th Cir.1990), where the court found the defendant ineligible for a § 5K2.13 downward departure because his offense of unarmed bank robbery is considered a violent crime by the Sentencing Guidelines. *Id.* at 94. The court reasoned:

> Because "non-violent offense" is not defined in the guidelines, we defer to the definition of "crime of violence" in the federal criminal statutes, which is used elsewhere in the guidelines. *See* Guidelines, § 4B1.2. We find no basis for a conclusion that the Commission intended any other meaning. A crime of violence is defined as an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another. Borrayo's acts are included in this definition because he threatened physical force. *See also* Guidelines, § 4B1.2 commentary (robbery is a crime of violence). As result, § 5K2.13 is not available to Borrayo to support a departure.

*Id.* The Ninth Circuit continues to hold that the term "non-violent offense" of § 5K2.13 is equivalent to "crime of violence" under § 4B1.2. *See, e.g., United States v. Cantu,* 12 F.3d 1506, 1513 (9th Cir.1993); *United States v. Hunter,* 985 F.2d 1003, 1007 (9th Cir.1992); *United States v. Sanchez,* 933 F.2d 742, 747 (9th Cir.1991). The Sentencing Guidelines, U.S.S.G. § 4B1.2, Commentary, Application n. 2, includes robbery as a crime of violence. In addition, the Ninth Circuit in *Sanchez* found an unarmed bank robber's use of a threatening demand note sufficiently violent to preclude application of § 5K2.13. 933 F.2d at 747. For support the court cited *United States v. Maddalena,* 893 F.2d 815,

819 (6th Cir.1989) (holding that an unarmed bank robbery may fall within the "crime of violence" definition because "an ordinary person in the teller's position reasonably could infer a threat of bodily harm"). Similarly, Halmos used a demand note and verbal threats in the robbery attempt. Consequently, his conviction of attempted bank robbery by intimidation also meets the definition of a violent crime.

Because Petitioner's crime is considered a violent offense under Ninth Circuit authority, he is not eligible for a downward departure under § 5K2.13. Like Petitioner's other claims, his allegation of ineffective assistance of counsel in not securing a downward departure is unfounded. Failure by counsel to assert a meritless argument did not cause any prejudice to Halmos. Consequently, the court DENIES Petitioner's § 2255 motion based on his § 5K2.13 claim.

*CONCLUSION*

For the reasons given, the court DENIES Petitioner's motion under 28 U.S.C. § 2255 to vacate judgment and sentence.

IT IS SO ORDERED.