89 F.3d 847
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lewey SAM, Defendant-Appellant.
 No. 95-10283.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 13, 1996.*
Decided May 2, 1996.
 
 Before: HALL and BRUNETTI, Circuit Judges, and WEINER,** District Judge.
 MEMORANDUM***
 While driving under the influence of alcohol, Lewey Sam struck and seriously injured two motorists on the Fort McDermitt Indian Reservation near McDermitt, Nevada. Following a bench trial, Sam was convicted of four counts of driving under the influence causing substantial bodily harm, in violation of NRS 484.3795 and assimilated as a federal crime pursuant to 18 U.S.C. §§ 13, 1151, and 1152, and one count of failure to stop at the scene of an accident involving personal injury, in violation of NRS 484.219 and assimilated as a federal crime pursuant to the same federal statutes. Sam appeals three aspects of the district court's sentence computation.
 I. Application of U.S.S.G. § 2A2.2 (Aggravated Assault)
 Because no sentencing guideline had been promulgated for NRS 484.3795, the district court, pursuant to U.S.S.G. § 2X5.1, determined the "most analogous offense guideline" to be the guideline promulgated for aggravated assault, § 2A2.2, and applied this guideline to calculate Sam's sentence. Sam argues that § 2A2.2 is not analogous because it is meant to apply to the general intent crime of aggravated assault,[1] not crimes like NRS 484.3795 that require only recklessness or criminal negligence.
 Sam's argument is unavailing. We have previously held that drunk driving can support a conviction for assault resulting in serious bodily injury under § 113(a)(6), even without an intent to injure and despite the fact that assault receives a longer sentence than manslaughter. United States v. Loera, 923 F.2d 725, 727-28 (9th Cir.), cert. denied, 502 U.S. 854 (1991); see also United States v. Dayea, 32 F.3d 1377, 1379 & n. 1 (9th Cir.1994). Thus, although NRS § 484.3795 may only require a mens rea of negligence, the conduct for which Sam was convicted could be charged under federal law as a § 113(a)(6) assault and sentenced pursuant to the § 2A2.2 aggravated assault guideline. Under these circumstances, the district court's analogy to § 2A2.2 was not unreasonable.
 II. Acceptance of Responsibility
 Although the district court awarded Sam a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), it refused to award him an additional level pursuant to § 3E1.1(b). Sam contends that this was error.
 Unlike § 3E1.1(a), which focuses on whether the defendant has demonstrated contrition, the focus of § 3E1.1(b) is on timeliness. United States v. Eyler, 67 F.3d 1386, 1391 (9th Cir.1995). If the requirements of § 3E1.1(b) are met, the additional one-point reduction is mandatory. Id. at 1390. Because the government concedes that Sam qualifies for the two-level reduction of § 3E1.1(a) and has an offense level greater than 16, and Sam concedes that he did not "timely notify[ ] authorities of his intention to enter a plea of guilty" under § 3E1.1(b)(2), Sam is entitled to the one-level reduction of § 3E1.1(b) if and only if he has "timely provided complete information to the government concerning his own involvement in the offense." § 3E1.1(b)(1).
 On July 4, 1993, the day after the collision, Sam confessed to the Bureau of Indian Affairs Investigator Richard Armstrong. While there is no evidence of it in the record, Sam also claims to have confessed at the sheriff's substation on the day of the collision. A signed copy of Sam's July 4 confession was entered into evidence at trial. In it, Sam admitted that he had fourteen beers on the day of the collision and admitted that he was "feeling 'good' " shortly before it happened. As for the collision itself, Sam stated:
 I was going to make a left hand turn on South Rd, when I saw a bicycle on the road in from of me. When I saw, I slammed on my brakes, but I hit it. I do not remember what happened after that; we just took off. I don't remember anybody being w/ me, I think I was by myself. I really don't remember what happened after that.
 Id.
 Despite this timely confession, the district court denied Sam the one-level reduction under § 3E1.1(b) because Sam insisted on going to trial. This was error. While a defendant's insistence on going to trial is highly relevant to a determination of acceptance of responsibility under § 3E1.1(a), U.S.S.G. § 3E1.1 Application Notes 2, 3; cf. United States v. McKinney, 15 F.3d 849, 852 (9th Cir.1994), it is irrelevant to a determination of whether a defendant timely provides complete information to the government under § 3E1.1(b)(1). Eyler, 67 F.3d at 1392.
 On appeal, the government argues that Sam's July 4 statement does not satisfy the requirements of § 3E1.1(b)(1) because it did not provide the police with any information that was not already in their possession and because it was incorrect and misleading. We have previously considered and rejected the government's first point. United States v. Stoops, 25 F.3d 820, 823 (9th Cir.1994) (rejecting "the government's theory that a timely confession qualifies a defendant for the reduction only if the information is not otherwise available to the police"). As to the second point, a determination of whether Sam's July 3 and July 4 confessions were "complete" is best left for the district court on remand.
 III. Obstruction of Justice/Reckless Endangerment
 Because Sam fled the scene of the collision and attempted to elude law enforcement officers, the presentence report ("PSR") recommended a two-level increase for obstruction of justice pursuant to § 3C1.1 or, in the alternative, a two-level increase for reckless endangerment during flight pursuant to § 3C1.2. PSR 8-9. The district court adopted the recommendation of the PSR and imposed a two-level increase. Sam contends that this two-level increase was erroneous.
 Sam correctly argues that flight from the scene and evasion of arrest cannot form the basis of a § 3C1.1 obstruction of justice enhancement. United States v. Christoffel, 952 F.2d 1086, 1089 (9th Cir.1991), cert. denied, 503 U.S. 996 (1992). However, the PSR recommended the § 3C1.1 and § 3C1.2 adjustments in the alternative, and the district court clearly based the increase on its finding that Sam recklessly endangered the lives of others during flight. Because Sam has failed to demonstrate that this factual finding is clearly erroneous, we will not disturb the district court's § 3C1.2 increase.
 IV. Conclusion
 Because the district court's refusal to grant an additional third-level downward adjustment pursuant to § 3E1.1(b)(1) was improper, we vacate and remand so that the district court can determine whether Sam's July 3 and July 4 confessions were complete. In all other respects, we affirm the district court's imposition of sentence.
 AFFIRMED IN PART, VACATED IN PART, and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 § 2A2.2 Application Note 1 defines "aggravated assault" as "a felonious assault that involved (a) a dangerous weapon with intent to do bodily harm (i.e., not merely to frighten), or (b) serious bodily injury, or (c) an intent to commit another felony."