114 F.3d 1196
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Vincent Peter CAMACHO, Defendant-Appellant.
 No. 96-16800.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 19, 1997.*
Decided May 21, 1997.
 
 Before: FLETCHER, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Vincent Peter Camacho, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his sentence and conviction for possessing methamphetamine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). Camacho contends that: (1) he was entitled to a three-level adjustment for acceptance of responsibility; (2) he should not have received a two-point upward adjustment for obstruction of justice; (3) the district court erred by finding that he possessed d-methamphetamine rather than 1-methamphetamine; (4) he received ineffective assistance of counsel; and (5) he was entitled to an evidentiary hearing. We have jurisdiction under 28 U.S.C. § 2255. We review de novo both an order denying a section 2255 motion and a determination that a prisoner was not denied effective assistance of counsel, see McMullen v. United States, 98 F.3d 1155, 1156 (9th Cir.1996), and we affirm.
 
 
 3
 Camacho contends that the district court erred by: (1) failing to grant a three-level rather than a two-level reduction for acceptance of responsibility; (2) applying a two-point upward adjustment for obstruction of justice; and (3) finding he possessed d-methamphetamine rather than 1-methamphetamine. Because Camacho failed to raise these non-constitutional sentencing errors at sentencing or on direct appeal, they may not be raised in this section 2255 motion. See United States v. McMullen, 98 F.3d 1155, 1157 (9th Cir.1996); United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1994).
 
 Ineffective Assistance
 
 4
 To prevail on an ineffective assistance of counsel claim, a defendant must demonstrate that his counsel's performance was deficient and he was prejudiced by the deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984); McMullen, 98 F.3d at 1157-58. If it is possible to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, the court may do so without examining the performance prong. See Strickland, 466 U.S. at 697.
 
 A. Drug Evidence
 
 5
 Camacho contends that his attorney was ineffective because she failed to investigate the drug evidence to determine whether Camacho possessed d-methamphetamine or 1-methamphetamine.
 
 
 6
 It is the government's burden to present evidence sufficient for the district court to find that the drug involved is d-methamphetamine. See McMullen, 98 F.3d at 1157. For the purposes of the Sentencing Guidelines, "ice" means a mixture or substance containing the isomer dextro-methamphetamine hydrochloride of at least 80% purity. See U.S.S.G. § 2D1.1(c) (1993).
 
 
 7
 Here, counsel states in her declaration that she received all of the evidence regarding the drug counts, including the lab reports and transcriptions of witness statements, and specifically reviewed this material with Camacho. Counsel also stated that she reviewed the Presentence Report ("PSR") with Camacho, including his statement to the probation officer that he "dealt 'ice' so that [he] could repay the government." Camacho did not request an independent analysis of the drug evidence held by the government, nor did he contest the facts stated in the PSR. Moreover, Camacho has failed to submit any evidence that the methamphetamine involved was 1-methamphetamine rather than d-methamphetamine, not even a self-serving affidavit stating that it was 1-methamphetamine produced in his own laboratory. See McMullen, 98 F.3d at 1158. Thus, Camacho cannot show prejudice. See Strickland, 466 U.S. at 687.
 
 B. Acceptance of Responsibility
 
 8
 Camacho contends that his counsel was ineffective because she failed to object to the district court's denial of an additional one-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b)(2).
 
 
 9
 A defendant is entitled to a two-level reduction of his offense level if he "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a) (1993). An additional one-level reduction should be granted if the defendant "timely provid[es] complete information to the government concerning his own involvement in the offense; or ... timely notif[ies] authorities of his intention to plead guilty, thereby permitting the government to avoid preparing for trial." U.S.S.G. § 3E1.1(b)(1), (2). Timing is the sole determinant of the award of an additional point. See United States v. Stoops, 25 F.3d 820, 822 (9th Cir.1994).
 
 
 10
 Here, Camacho did not timely provide information to the government, and did not enter his guilty plea until the day of his scheduled trial. Thus, Camacho was not entitled to an extra one-point reduction in his offense level. See Stoops, 25 F.3d at 822. Accordingly, he cannot show prejudice. See Strickland, 466 U.S. at 687.
 
 C. Obstruction of Justice
 
 11
 Camacho contends that his counsel was ineffective for failing to object to the sentencing court's two-point upward adjustment for obstruction of justice based on the dismissed witness tampering charge.
 
 
 12
 The Guidelines mandate a two-level upward adjustment in a defendant's base offense level "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede the administration of justice during the investigation or prosecution of the instant offense." U.S.S.G. § 3C1.1 (1993). "[T]hreatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so" may provide a basis for applying the upward adjustment for obstruction of justice. U.S.S.G. § 3C1.1 comment (n. 3(a)).
 
 
 13
 Here, the probation officer in the PSR recommended an upward adjustment for obstruction of justice based on conduct separate from the conduct underlying the dismissed witness tampering charge of count six. This other conduct involved statements made by Camacho to Sam Sowell. When Camacho was released on bail, he visited Sowell and advised him not to talk to the FBI.
 
 
 14
 The probation officer further stated that the witness tampering charge that was dismissed pursuant to the plea agreement involved independent information of an interaction between Camacho and George Cruz. In that instance, Camacho offered Cruz a car in an attempt to influence and prevent Cruz from testifying against him at trial. Camacho did not object to the facts in the PSR. Because the district court accepted the PSR's determination of an increase of Camacho's offense level, the increase was not based on the dismissed witness tampering charge. Thus, counsel's failure to object to the two-point adjustment did not prejudice Camacho. See Strickland, 466 U.S. at 687.
 
 
 15
 Finally, because the record conclusively shows that Camacho is not entitled to relief under section 2255, the district court did not err when it denied the motion without an evidentiary hearing. See 28 U.S.C. § 2255 (1994); Frazer, 18 F.3d at 781. Accordingly, the district court did not err in denying Camacho's section 2255 motion.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3