124 F.3d 213
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Martin ALCARAZ-RODRIGUEZ, Defendant-Appellant.
 No. 96-50223.
 United States Court of Appeals, Ninth Circuit.
 Aug. 13, 1997.
Submitted April 4, 1997.**
 
 Appeal from the United States District Court for the Southern District of California, No. CR-95-01919-1-HBT; Howard B. Turrentine, District Judge, Presiding.
 Before: CHOY, FERGUSON, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Martin Alcaraz-Rodriguez ("Alcaraz") appeals his sentence following his guilty plea conviction for two counts of illegal reentry following deportation in violation of 8 U.S.C. § 1326. The district court granted Alcaraz a two-level downward departure for acceptance of responsibility under U.S.S.G. § 3E1.1(a). Alcaraz contends that the district court erred in denying his request for an additional one-level downward adjustment of his sentence for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b). Alcaraz also claims that the district court erred in failing to make sufficient findings as to why it only granted Alcaraz a two-level adjustment for acceptance of responsibility. We affirm.
 
 
 3
 Under the Sentencing Guidelines, a defendant's offense level must be decreased by two levels if he clearly accepts responsibility for his actions. U.S.S.G. § 3E1.1(a). A defendant's offense level should be decreased by an additional level if the defendant qualifies for a reduction under subsection (a), has an offense level of sixteen or greater, and has further assisted the authorities in investigating or prosecuting his own misconduct in either of the two following manners: through
 
 
 4
 (1) timely providing complete information to the government concerning his own involvement in the offense; or [through]
 
 
 5
 (2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently.
 
 
 6
 U.S.S.G. § 3E1.1(b).
 
 
 7
 The decision of a district court judge regarding the extent of the defendant's acceptance of responsibility is entitled to "great deference" upon review, because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." U.S.S.G. § 3E1.1, comment. n. 5.
 
 
 8
 I. Timely Guilty Plea (U.S.S.G. § 3E1.1(b)(2))
 
 
 9
 Alcaraz contends that he pleaded guilty with enough time for the court to efficiently allocate its resources, and that he is therefore entitled to the additional one-level reduction.
 
 
 10
 Generally, pleas on the eve of trial do not qualify for the additional one-level reduction. See United States v. Kimple, 27 F.3d 1409, 1413 (9th Cir.1994) ("[A] defendant who pleads guilty on the eve of trial is not entitled to the reduction for timely acceptance of responsibility under subsection (b)(2)."). The additional one level decrease is only allowed if the guilty plea saves the government the time and expense of preparing for trial. "Only early and consistent cooperation which saves the government from the rigors of trial preparation and jury selection merits the assistance reduction." United States v. Chee, 110 F.3d 1489, 1495 (9th Cir.1997). Indeed, "if either the prosecution is substantially prepared to present its case or the court has not been given sufficient time to reschedule its calendar, then the defendant is not entitled to an additional one-level reduction under subsection (b)(2)." United States v. Hopper, 27 F.3d 378, 385 (9th Cir.1994).
 
 
 11
 In the case at hand, Alcaraz pleaded guilty on the afternoon before the scheduled trial date at approximately 2:30 p.m. The government indicated that it was prepared to go to trial the next day. S.E.R. at 20. Additionally, the timing of the entry of the plea (on the afternoon before trial) made it unlikely that the court was able to schedule another trial for the next day. Therefore, Alcaraz's plea was not timely enough to qualify for the additional one-level reduction.
 
 
 12
 Alcaraz's contention that his attorney had "apparently" indicated six days before April 1 that Alcaraz intended to plead guilty does not save his case. Even if Alcaraz had indicated that he intended to plead guilty almost a week before trial, he would not be entitled to the one-level adjustment. See United States v. Narramore, 36 F.3d 845, 846 (9th Cir.1994) (guilty plea one week before trial not timely enough for one-level acceptance of responsibility reduction under subsection (b)(2)); see also Hopper, 27 F.3d at 385 (guilty plea approximately three weeks before trial not timely enough for one-level acceptance of responsibility reduction under subsection (b)(2) when government has already prepared for trial).
 
 
 13
 II. Timely Provision of Complete Information (U.S.S.G. § 3E1.1(b)(1))
 
 
 14
 Even though Alcaraz's guilty plea was not timely enough to qualify for a subsection (b)(2) reduction, Alcaraz may still qualify for a reduction for the timely provision of complete information. "A defendant qualifies under subsection (b)(1) if he timely provides complete information, whether or not he ... timely notifies the government of his intent to plead guilty." United States v. Stoops, 25 F.3d 820, 823 (9th Cir.1994).
 
 
 15
 Alcaraz argues on appeal that he has timely provided complete information to the authorities, and that therefore he is eligible for the additional one-level acceptance of responsibility adjustment.
 
 
 16
 Upon a review of the record, it seems as though Alcaraz has provided some information in a timely manner, and that the one-level decrease Alcaraz requests under this subsection may have been appropriate.[1] However, because Alcaraz failed to carry his burden of proof on this issue, we cannot say that the district court clearly erred in refusing to grant Alcaraz the additional one-level reduction.
 
 
 17
 The defendant bears the burden of proof by a preponderance of the evidence if he is attempting to lower his offense level. United States v. Howard, 894 F.2d 1085, 1089-90 (9th Cir.1990). Alcaraz barely discussed his request for a three-level reduction for acceptance of responsibility in his sentencing memorandum and at his sentencing hearing. In his sentencing memorandum, Alcaraz devotes a paragraph to his criminal history category, and another paragraph to a downward adjustment that he requests for waiver of deportation proceedings. E.R. at 9. Then, in the conclusion, he states: "It is respectfully requested that this Court sentence Defendant Alcaraz as follows: Minus two for waiver of deportation hearing. Minus three for acceptance of responsibility, which would leave an Offense Level 19." E.R. at 9-10. At the sentencing hearing, Alcaraz's attorney, Mr. Ball, spoke to the court specifically about Alcaraz's criminal history category, and about Alcaraz's request for the two-level adjustment for the waiver of deportation proceedings. Then, in conclusion, Mr. Ball stated: "To sum up, it looks to me like that he is a criminal history category five with--if you give minus three plus a minus two for waiver of deportation, he goes from a 24 to a 19." S.E.R. at 45.
 
 
 18
 Absent argument or case citations, these statements are insufficient for Alcaraz to meet his burden of proof on the issue of whether he is entitled to a three-level reduction for acceptance of responsibility. Because Alcaraz did not meet his burden, we cannot say that the district court judge clearly erred in failing to give Alcaraz the additional one-level reduction for acceptance of responsibility.
 
 III. The findings of the district court
 
 19
 Alcaraz argues that the district court's findings regarding the acceptance of responsibility reduction were insufficient. He bases this argument on the premise that, in sentencing, "the district court should make clear on the record its resolution of all disputed matters, and ... specific findings of fact are ... encouraged." United States v. Rigby, 896 F.2d 392, 394 (9th Cir.1990).[2]
 
 
 20
 Regarding Alcaraz's requests for adjustments to his sentence, the district court stated: "The Court has read and considered the pre-sentence report,[3] the history and characteristics of the Defendant. The Court finds that the base level of the offense is 24, and he's given a credit of two points for acceptance, which gives us a base level of 22. And we'll give him two points for his agreement for deportation, which gives us a 20." S.E.R. at 47.
 
 
 21
 These findings were sufficient. The court indicated that it had considered materials submitted regarding Alcaraz's sentence, and that it resolved the issue in favor of the government's position that Alcaraz was entitled to a two-level decrease for acceptance of responsibility. Moreover, Alcaraz had an opportunity to request clarification of the court's findings but did not do so, and Alcaraz presented no evidence controverting the government's position that he was only eligible for a two-level reduction. See United States v. Leung, 35 F.3d 1402, 1406 (9th Cir.1994) (noting that, when the record shows the court adopted the government's position regarding the adjustment and the defendant had an opportunity to present evidence to the contrary, "specific findings of fact are merely 'encouraged' ") (citing United States v. Peters, 962 F.2d 1410, 1415 n. 2 (9th Cir.1992)); Rigby, 896 F.2d at 394 (stating that clarification of the district court's findings was not required because the defendant "was given full opportunity to request a more definitive ruling and did not do so"). Therefore, the district court's findings in this case were sufficiently complete.
 
 
 22
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The Magistrate Information Sheet contains the following information regarding Alcaraz's timely provision of information to the authorities:
 The defendant was encountered on June 22, 1994 in the North Kern State Prison, Delano, California by USBP Agent R. Reyna. From statements made by the defendant at that time, Agent Reyna determined that the defendant was an alien who had entered the United States illegally and that he was serving a two year sentence for violation of H & S 11359, Possession for sale of a controlled substance, to wit: Marijuana.
 The defendant was remanded into the custody of the INS on 08/ 28/95 upon release from the R.J. Donovan Correctional Facility. During an interview, conducted after the defendant was read his rights and agreed to talk to agents on 08/28/95, the defendant freely admitted to BPA Steven T. White that he is a citizen and national of Mexico. The defendant further admits that he knowingly entered the United States illegally on an unknown date after May 20, 1993 by crossing over the international border fence a short distance from the San Ysidro Port of Entry at San Ysidro, California thereby avoiding inspection by an Immigration Officer.
 .... The subject admits that he was deported on 05/20/93 and states that he has never asked for or received permission from the Attorney General to re-enter the United States after his deportation.
 C.R. 1, "Magistrate Information Sheet" at 1.
 
 
 [2]
 The acceptance of responsibility issue was in dispute. In his sentencing memorandum, Alcaraz asked for a three-level adjustment for acceptance of responsibility; in its sentencing chart, the government recommended a two-level reduction for acceptance of responsibility
 
 
 [3]
 In the instant case, Alcaraz and the government each stated their respective positions regarding Alcaraz's sentence in separate sentencing memoranda. The probation office did submit a memorandum regarding Alcaraz's criminal history at the request of the court; however, this memorandum contains no reference to Alcaraz's request for the acceptance of responsibility reduction, nor does it contain any facts relating to whether Alcaraz accepted responsibility with regard to the instant offense. S.E.R. at 38-42