127 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Abraham BECERRA-ACOSTA, Defendant-Appellant.
 No. 96-50013.
 United States Court of Appeals, Ninth Circuit.
 Submitted October 9, 1997.**
Decided October 15, 1997.
 
 Appeal from the United States District Court for the Southern District of California, Rudi M. Brewster, District Judge, Presiding; No. CR-94-01384-2-RMB.
 Before: PREGERSON, D.W. NELSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Abraham Becerra-Acosta appeals his sentence for conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846, distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1), and possessing methamphetamine with the intent to distribute it in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291.
 
 
 3
 Under § 3E1.1(a) of the United States Sentencing Guidelines, a defendant who "clearly demonstrates acceptance of responsibility" qualifies for a one-point reduction in his offense-level if he meets either subsection (b)(1) or (b)(2) of the guideline.[1] The sentencing court does not have discretion to deny the one-point reduction if the defendant meets the requirements of either subsection. United States v. Colussi, 22 F.3d 218, 220 (9th Cir.1994).
 
 
 4
 Subsection (b)(1) requires the defendant to assist authorities by timely providing complete information to the government concerning his own involvement in the offense. It appears from the sentencing-hearing transcript that the trial court determined that Appellant's disclosure was timely. The court, however, did not address whether Appellant's disclosure was complete.
 
 
 5
 We remand to determine whether Appellant's disclosure was complete. If the court finds that the disclosure was complete, Appellant's offense-level should be reduced by one point in accordance with the mandate of § 3E1.1.
 
 
 6
 REVERSED and REMANDED.
 
 
 
 **
 The panel unanimously found this case suitable for decision without oral argument. Fed. R.App. P. 34(a); Ninth Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Here, the district court refused to reduce Appellant's offense-level by one point because Appellant "pled guilty on the morning of trial ... [,] sidetracking the trial at the very last moment." (ER 92). Although relevant to subsection (b)(2)--which requires the defendant to timely notify authorities of his intention to enter a plea of guilty--the timing of Appellant's guilty plea is not relevant to the issue of whether Appellant met the requirements of subsection (b)(1). United States v. Stoops, 25 F.3d 820, 823 (9th Cir.1994)