133 F.3d 929
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David GODIN, Defendant-Appellant.
 No. 97-50077.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 19, 1997.
 
 Before SNEED, TROTT and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 David Godin Appeals his sentence following his guilty plea to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Godin contends that the district court erred by denying a downward adjustment for acceptance of responsibility. This contention lacks merit.
 
 
 3
 Whether a defendant has accepted responsibility is a factual determination reviewed for clear error. See United States v. Stoops, 25 F.3d 820, 821 (9th Cir.1994). We conclude that the district court did not clearly err by denying Godin a downward adjustment for acceptance of responsibility because Godin persisted with his illegal activities after his guilty plea conviction. See United States v. Cooper, 912 F.2d 344, 346 (9th Cir.1990) (continued criminal activity supports the denial of a downward adjustment for acceptance of responsibility).
 
 
 4
 Godin also contends that the district court's erred by imposing a $75,300 fine despite his inability to pay. This contention lacks merit.
 
 
 5
 We review for clear error a district court's determination that a defendant has the ability to pay a fine. See United States v. Haggard, 41 F.3d 1320, 1329 (9th Cir.1994). Godin failed to demonstrate that he was incapable of paying the fine because he did not complete and return a financial report as the probation officer requested. See United States v. Rafferty, 911 F.2d 227, 232 (9th Cir.1990) (defendant has burden of proving inability to pay a fine). Even if Godin did not have the ability to pay the fine at sentencing, the district court considered that Godin could begin to pay the fine with money earned from the inmate financial responsibility program and while on supervised release. See Haggard, 41 F.3d at 1329 ("[a] court may fine a presently indigent defendant if it finds that the defendant has the sufficient earning capacity to pay the fine in the future"). Accordingly, the district court did not clearly err by imposing the $75,000 fine. See id.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3