**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**David Paul COLUSSI, Defendant–
Appellant.**

**No. 93–50140.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 7, 1994.

Decided April 18, 1994.

Derek W. Li, Deputy Federal Public Defender, Los Angeles, CA, for defendant-appellant.

Duane R. Lyons, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

Before: FARRIS, RYMER, and KLEINFELD, Circuit Judges.

FARRIS, Circuit Judge:

David Paul Colussi appeals his 210–month sentence imposed following his guilty plea to bank robbery in violation of 18 U.S.C. § 2113(a). Colussi contends the district court erred in denying Colussi's request for a one level reduction pursuant to U.S.S.G. § 3E1.1(b) because the court mistakenly concluded that the matter was discretionary, failed to make any findings of fact, and mistakenly concluded that defendant had stipulated to a two point reduction for acceptance of responsibility only. We have jurisdiction under 28 U.S.C. § 1291. We vacate and remand for further proceedings to determine whether Colussi is eligible for an additional

reduction of one level for timely plea of guilty pursuant to U.S.S.G. § 3E1.1(b)(2).

## I.

On March 6, 1992, David Paul Colussi robbed a bank in Long Beach, California using his fingers to pretend he had a gun and telling the teller: "This is a robbery, give me the money. I have a gun, put it in the bag." Four days later, Colussi was apprehended by Long Beach police officers. His response was "You got me. I did it." An indictment was issued on May 12, 1992. On August 3, 1992, Colussi was arraigned, he pled not guilty, and trial was set for September 29.

On September 11, 1992, Colussi pled guilty pursuant to a plea agreement. Under the agreement, the Government agreed to recommend a two-level adjustment for acceptance of responsibility, which was the adjustment then available under the United States Sentencing Guidelines. Sentencing, originally set for October 19, 1992, was continued to February, 1993.

Effective November 1, 1992, the Guidelines were amended to provide an additional one-level adjustment for early acceptance of responsibility. The Probation Office submitted a revised presentence report stating that it had no "objection" to an additional one-level reduction pursuant to the amended section 3E1.1.

The district court denied Colussi's request for the additional reduction:

> I explicitly make a finding that I'm not going to give him that additional point. It's within my discretion. I would not choose to exercise my discretion in that regard. And a further reason is that he stipulated to a two point reduction in the plea agreement.

---

1. The full text of § 3E1.1, as amended effective November 1, 1992 provides:
   (a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.
   (b) If the defendant qualifies for a decrease under subsection (a), the offense level determines prior to the operation of subsection (a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:

If Colussi had received the extra point reduction, the applicable sentencing range would have been 151 to 188 months. Instead, the guideline range was 168 to 210 months. The Court rejected the Government's recommendation that the sentence be at the low end of the guideline range and sentenced Colussi to 210 months in prison.

## II.

■ A district court's interpretation, and application of the Sentencing Guidelines is reviewed de novo. *United States v. Fagan,* 996 F.2d 1009, 1017 (9th Cir.1993); *United States v. Blaize,* 959 F.2d 850, 851 (9th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 2954, 119 L.Ed.2d 576 (1992).

■ Unlike departures under the Sentencing Guidelines, adjustments to the offense level are characteristically mandatory. The Guidelines use permissive language (i.e. "may") in the context of departures. *See* U.S.S.G. § 5K2.0. In the context of adjustments, the Guidelines use mandatory language. *See, e.g.,* U.S.S.G. § 3A1, U.S.S.G. § 3B1, U.S.S.G. § 3C1; *see also United States v. Mariano,* 983 F.2d 1150, 1157 (1st Cir.1993).

Section 3E1.1(b) of the Sentencing Guidelines is no exception. The language mandates a one point reduction where the requirements of § 3E1.1(b) are met.[1] As the Fifth Circuit has noted:

> the final clause of subsection (b) [of § 3E1.1] eschews any court discretion to deny [a] reduction. That imperative clause *directs* the sentencing court to "decrease the offense level by 1 additional level," once all the essential elements and

   (1) timely providing complete information to the Government concerning his own involvement in the offense; or
   (2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the court to allocate its resources efficiently,
   decrease the offense level by 1 additional level. U.S.S.G. § 3E1.1 (1992).

steps and facets of the tripartite test of subparagraph (b) are found to exist.

*United States v. Tello,* 9 F.3d 1119, 1129–30 (5th Cir.1993).

The question is whether Colussi satisfied § 3E1.1(b)'s strictures.

The district court announced an alternative ground for denial of the adjustment: that Colussi had stipulated to a two-level reduction in the plea agreement. The record sets forth the plea agreement. Paragraph four of the agreement expressly provides that the Government agreed to *"recommend* a two level reduction in the applicable sentencing guideline offense level, pursuant to sentencing guideline 3E1.1, based on your acceptance of responsibility." (emphasis added). The Government does not dispute this point. There is no record basis for the conclusion that Colussi *stipulated* to the reduction. The Government recommended a two-level reduction, but Colussi was not precluded from qualifying for the 3 point reduction.

### III.

■ The district court need not state reasons for its factual findings, when it makes a factual finding, and there are no predicate issues of fact contested but not resolved. *United States v. Marquardt,* 949 F.2d 283, 285 (9th Cir.1991). Nevertheless, the district court should resolve all disputed sentencing issues. U.S.S.G. § 6A1.3; *United States v. Carlisle,* 907 F.2d 94, 96 (9th Cir.1990). In doing so, the court may simply adopt the conclusions in the presentence report, or state that the defendant did not meet the requirements under the sentencing guidelines provision. *United States v. Rigby,* 896 F.2d 392, 394 (9th Cir.1990); *Marquardt,* 949 F.2d at 285.

Whether Colussi met the third requirement of § 3E1.1(b)—that is, whether his guilty plea was entered early enough to permit the Government to avoid preparing for trial, or whether he had timely provided complete information to the Government was a question to be resolved. Where, as here, a defendant meets the first two requirements for the one-level reduction under § 3E1.1(b), the district court must consider whether "the

defendant ... assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the" steps listed in subsection (b)(1) or (b)(2). We review for clear error the factual findings that underlie the district court's decision whether the defendant satisfied subsections (b)(1) or (b)(2). *See United States v. Chapnick,* 963 F.2d 224, 226 (9th Cir.1992). Here, the district court's comments at sentencing indicate that it believed it had discretion whether to consider this third step. This was error.

### IV.

The statutory framework for reviewing sentences under the Guidelines is set forth in 18 U.S.C. § 3742, which provides in pertinent part:

If ... the sentence was imposed ... as a result of an incorrect application of the sentencing guidelines, the court shall remand the case for further sentencing proceedings with such instructions as the court considers appropriate.

18 U.S.C. § 3742(f)(1).

The Supreme Court has held that the finding of an incorrect application of the Guidelines shifts the burden to the proponent of the sentence—whether the defendant or the Government—to "persuade [ ] the court of appeals that the district court would have imposed the same sentence absent the erroneous factor." *Williams v. United States,* —— U.S. ——, ——, 112 S.Ct. 1112, 1121, 117 L.Ed.2d 341 (1992); *see also Tello,* 9 F.3d at 1129. Therefore, the burden is on the Government to establish that the right sentence was imposed because Colussi was ineligible for the third level of reduction. Its failure to carry that burden requires that the sentence be vacated for further sentencing proceedings.

The sentencing guidelines require a one point reduction where 1) a defendant has already established that he qualifies for a two point reduction for acceptance of responsibility pursuant to section 3E1.1(a); 2) the defendant's original sentencing level is 16 or greater; and 3) the defendant has assisted the authorities in the investigation or prosecution of his own misconduct.

Under the Guidelines, a defendant can satisfy the third requirement under § 3E1.1(b) if he timely provides the Government with complete information concerning his involvement in the offense or he provides the authorities with sufficiently advance notice of his intent to plead guilty so that the Government is able to "avoid preparing for trial" and the court is able to "schedule its calendar efficiently." U.S.S.G. § 3E1.1(b)(1) & (2); U.S.S.G. §§ 3E1.1, comment. (n. 6).[2]

Colussi satisfied the first two elements of § 3E1.1(b). He received the two point reduction under § 3E1.1(a). His offense level prior to the reduction under subsection (a) was 32. Colussi recognizes that he is ineligible for the reduction under § 3E1.1(b)(1). However, Colussi may be eligible under § 3E1.1(b)(2).

The government argues that Colussi is ineligible under § 3E1.1(b)(2), since his guilty plea came 18 days before the scheduled trial date. However, the district court made no findings (and no facts appear on the face of the record) that allow us to conclude that the government did anything to prepare for trial or that the case interfered with the district court's ability to schedule its calendar efficiently.

We therefore vacate Colussi's sentence and remand so the district court may make the findings required for an application of § 3E1.1(b), and then apply that Guideline.

**VACATED AND REMANDED.**

---

**2.** Application Note 6 elaborates on the requirement of timeliness as follows:

The timeliness of the defendant's acceptance of responsibility is a consideration under both subsections, and is context specific. In general, the conduct qualifying for a decrease in offense level under subsection (b)(1) or (2) will occur particularly early in the case. For example, to qualify under subsection (b)(2), the defendant must have notified authorities of his intention to enter a plea of guilty at a sufficiently early point in the process so that the Government may avoid preparing for trial and the court may schedule its calendar efficiently. U.S.S.G. § 3E1.1, comment. (n. 6).