50 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose De Jesus MARTINEZ-CANO, Defendant-Appellant.
 No. 94-10080.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 14, 1995.
Decided March 15, 1995.
 
 Before: FLETCHER, PREGERSON, and RYMER, Circuit Judges.
 MEMORANDUM*
 Jose Martinez-Cano pled guilty to violations of 21 U.S.C. Secs. 846 and 841(a)(1). At sentencing, the district court refused reductions for acceptance of responsibility, U.S.S.G. Sec. 3E1.1, or for minor or minimal participant status, U.S.S.G. Sec. 3B1.2, and enhanced the sentence because a gun was involved in the offense, U.S.S.G. Sec. 2D1.1(b)(1). Martinez-Cano argues that each decision is unsupported by the facts. He further asserts that denial of the Sec. 3E1.1 reduction is impermissible "double counting" because the court based a U.S.S.G. Sec. 3C1.1 obstruction of justice enhancement on the same conduct.[1] We have jurisdiction, 28 U.S.C. Sec. 1291, and affirm.
 
 
 1
 * The district court's determination of whether a defendant has accepted responsibility under U.S.S.G. Sec. 3E1.1 is reviewed for clear error. United States v. Acuna, 9 F.3d 1442, 1446 (9th Cir.1993). Likewise, the district court's determination that defendant possessed a firearm for the purposes of U.S.S.G. Sec. 2D1.1(b)(1) is reviewed for clear error. United States v. Garcia, 909 F.2d 1346, 1349 (9th Cir.1990). The clear error standard also applies to determination of minor participant status under Sec. 3B1.2. United States v. Benitez, 34 F.3d 1489, 1497 (9th Cir.1994). The district court's analysis of whether application of two sections of the Guidelines constitutes "double counting" is subject to de novo review. See Acuna, 9 F.3d at 1444.
 
 II
 
 2
 Martinez-Cano asserts that the district court erred in denying him a Sec. 3E1.1 reduction for acceptance of responsibility based on his flight prior to sentencing and statements attempting to downplay his role in the offense. He also argues that the district court erred in using his testimony at the trial of Vizcarra as one basis for denying the reduction. We need not address the latter issue, as Martinez-Cano's flight from the jurisdiction between pleading guilty and sentencing is sufficient by itself to support the district court's judgment. While Martinez-Cano proffers innocent reasons for his nine month absence from the jurisdiction without permission or notification, the district court was not required to accept them. Besides Martinez-Cano's own statements, there is no evidence that he ever intended to return to the jurisdiction. He cut off his custody bracelet during his absence and his wife was not aware of his whereabouts. He returned only when picked up by law enforcement personnel pursuant to a bench warrant issued by the district court. Under the circumstances, the court did not clearly err in determining that Martinez-Cano was attempting to evade the consequences of his offenses, not accept responsibility for them.
 
 
 3
 Because Martinez-Cano is not entitled to the two-point reduction under Sec. 3E1.1(a), he cannot receive the further one-point reduction under Sec. 3E1.1(b). United States v. Colussi, 22 F.3d 218, 220 (9th Cir.1994).
 
 III
 
 4
 Martinez-Cano next contends that the district court erred in making the same conduct the basis for both the obstruction enhancement under Sec. 3C1.1 and the denial of the acceptance of responsibility reduction under Sec. 3E1.1, characterizing this as impermissible "double punishment."
 
 
 5
 Whether double counting has occurred under the sentencing guidelines is a question of legislative intent. United States v. Reese, 2 F.3d 870, 894 (9th Cir.1993), cert. denied, 114 S.Ct. 928 (1994). The text of the Guidelines makes clear that, in all but extraordinary cases, enhancement for obstruction of justice under Sec. 3C1.1 will preclude a reduction for acceptance of responsibility under Sec. 3E1.1. U.S.S.G. Sec. 3E1.1, comment. (n. 4). United States v. Vincent, 20 F.3d 229, 240-41 (6th Cir.1994), does not persuade us to the contrary. Vincent held that it was error to increase a base offense level by applying a specific offense characteristic to both a primary and an underlying offense, because the Guidelines expressly forbid doing so. In contrast, the Guidelines contemplate that concomitant application of the Sec. 3C1.1 enhancement and denial of the Sec. 3E1.1 reduction will be the norm. The district court did not double count.
 
 IV
 
 6
 Martinez-Cano next argues that the district court erred in giving him a two-level enhancement pursuant to Sec. 2D1.1(b)(1). The adjustment should be applied if a weapon was present, unless it is clearly improbable that the weapon was connected with the offense. U.S.S.G. Sec. 2D1.1, comment. (n. 3). Although he acknowledges that the gun was in his brother's truck during the offense, Martinez-Cano denies any knowledge of or acquiescence in the presence of the gun at the time. However, the owner of the gun was someone known to Martinez-Cano--his brother. The transaction was a substantial drug sale--110 pounds of marijuana worth $88,000. Martinez-Cano was aware that the transaction was a drug sale and he participated in it throughout the day. Under the circumstances, the district court did not clearly err in finding that the presence of the gun was foreseeable to Martinez-Cano. United States v. Garcia, 909 F.2d 1346, 1349 (9th Cir.1990); U.S.S.G. Sec. 1B1.3, comment. (n. 2) (conspiracy defendant can be sentenced on basis of reasonably foreseeable coconspirator conduct in furtherance of offense).[2]
 
 V
 
 7
 Martinez-Cano next argues that the district court erred in denying a minor or minimal participant reduction under Sec. 3B1.2, because he was merely a "lookout." The relevant comparison is to the conduct of coparticipants in the offense. Benitez, 34 F.3d at 1498. Even if a defendant is less culpable than his co-participants he is not automatically entitled to the reduction; he should be substantially less culpable. Id. Denial of the reduction is not error where the defendant is not a silent bystander, but rather a full participant in the offense. Id. Agent Levin testified in the Vizcarra trial that Martinez-Cano participated in the initial contact in Levin's car. Martinez-Cano commented on the quality of the marijuana. Martinez-Cano admits that he was present at every meeting with Levin, and at the third meeting was driving the truck carrying the marijuana. He showed the marijuana to Levin.
 
 
 8
 Moreover, the Sec. 3B1.2(b) reduction applies to those participants who are less culpable than "most other" participants. U.S.S.G. Sec. 3B1.2, comment. (n. 3). The district court was not required to limit its comparison of Martinez-Cano's conduct to that of his brother. Nothing in the record suggests that Martinez-Cano was less culpable than Vizcarra or Ruiz. Since the court did not clearly err in finding that Martinez-Cano was not a minor participant, Martinez-Cano is not entitled to the minimal participant reduction.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his reply brief, Martinez-Cano also argues that his sentence must be vacated under provisions of the Violent Crime and Law Enforcement Act of 1994 (reprinted at 55 Crim.L.Rep. 2366 (BNA)), and because the presentence report erroneously reports his statutory maximum sentence as 20 years. Martinez-Cano has waived these issues by raising them for the first time in his reply brief. In re Estate of Ferdinand E. Marcos Litigation, 978 F.2d 493, 495 n. 2 (9th Cir.1992), cert. denied, 113 S.Ct. 2960 (1993). Therefore, we do not address them
 
 
 [2]
 Martinez-Cano asserts that there is no evidence that the gun was possessed in furtherance of the conspiracy. Because this fact-based argument was not raised at the sentencing hearing, it is waived, and we do not address it. United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991)