**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Kyle Torbin ROBINSON, Defendant–Appellant.**

No. 94–50498.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 1995.

Decided Aug. 21, 1995.

D. Wayne Brechtel, Solana Beach, CA, for defendant-appellant.

Jay Alvarez, Asst. U.S. Atty., San Diego, CA, for plaintiff-appellee.

Before: FLETCHER, WIGGINS, and FERNANDEZ, Circuit Judges.

WIGGINS, Circuit Judge:

## FACTS

On six occasions between February 1993 and January 1994, computer-related items were stolen from offices at the Emergency Operation Facility ("EOF") of the Southern California Edison San Onofre Nuclear Generator Site ("SONGS"). The nature of the thefts suggested an inside job, and in early 1994, the investigation focused on defendant-appellant Kyle T. Robinson, who was a security officer at the EOF.

The FBI later discovered that Robinson had pawned several items that had been stolen from SONGS. A subsequent warrant search of Robinson's home recovered three of SONGS' stolen VCRs. Investigators also traced a pawn ticket bearing Robinson's name to King's Pawn Shop and recovered all the equipment that had been stolen in the sixth theft. Employees and records at the pawn shop verified that Robinson had pawned the equipment and had pawned computer equipment on two previous occasions that coincided with other thefts at SONGS. Most of the stolen equipment ultimately was recovered.

Robinson was indicted on six counts of theft, and a jury convicted him on March 2, 1994 of all six counts. Following a sentencing hearing on August 8, 1994, the district court adopted the presentence report ("PSR"). Accordingly, the court determined Robinson's base offense level under U.S.S.G. § 2B1.1(b)(1)(G) (Nov.1993) and applied several sentencing enhancements, including a two-level enhancement for obstruction of justice. The court sentenced Robinson to 24 months imprisonment and a three-year term of supervised release. Robinson timely appeals his sentence only. We have jurisdiction pursuant to 28 U.S.C. § 1291. We remand for resentencing.

## DISCUSSION

### I. STANDARD OF REVIEW

■ The district court's application of the Sentencing Guidelines is reviewed *de novo*. *United States v. Buenrostro–Torres,* 24 F.3d 1173, 1174 (9th Cir.1994). The court's under-

lying factual findings are reviewed for clear error. *United States v. Wilson*, 900 F.2d 1350, 1355 (9th Cir.1990).

## II. BASE OFFENSE LEVEL

█ Robinson's base offense level is determined under U.S.S.G. § 2B1.1. That section provides for increases in the defendant's base offense level depending on the amount of loss caused by the defendant's thefts. As urged by the government during the sentencing hearing, and as recommended by the PSR, the sentencing court found that the value of the stolen items was $25,576. Accordingly, the court increased Robinson's base offense level by six levels pursuant to U.S.S.G. § 2B1.1(b)(1)(G).

Robinson argues that the value of the stolen items was only $13,755, and that his base offense level therefore should have been increased by only five levels under U.S.S.G. § 2B1.1(b)(1)(F). The government now concedes that the stolen property was only worth between $10,000 and $20,000, and that Robinson's six-level increase was an error.

The government argues, however, that we need not remand for resentencing because the sentencing court's error is harmless. Assuming the sentencing court made no other errors, Robinson's sentencing range based on the correct valuation of the stolen items would have been 18 to 24 months, instead of 21 to 27 months. According to the government, because Robinson's 24–month sentence falls within the overlap of the two ranges, any sentencing error under section 2B1.1 was harmless. We disagree.

In order to determine whether the sentencing error is harmless, we must "look to the record, in particular the district court's sentencing remarks, to determine whether 'the district court would have imposed the same sentence absent the erroneous factor.'" *United States v. Rodriguez–Razo*, 962 F.2d 1418, 1423 (9th Cir.1992).

█ The sentencing court in this case stated: "[T]he guideline range is 21 to 27 months. And I go with the probation recommendation which is at mid-level. So it is ordered that you be confined for the period of 24 months." The court also adopted the PSR, which states: "All aggravating and mitigating circumstances have been taken into account and therefore the middle of the guideline range has been recommended for custody."

These remarks could indicate a determination that a "mid-range" sentence (regardless of the actual number of months such a sentence involves) was appropriate to reflect that Robinson's case is neither egregious (which would presumably warrant an "upper-range" sentence) nor trivial (which would presumably warrant a "lower-range" sentence). Under this interpretation, any sentencing error by the court is *not* harmless because a "mid-range" sentence for an offense level of 15 would have been 21 months (three months shorter than Robinson's actual sentence).

On the other hand, the above-quoted remarks might indicate that the district court determined that a 24–month sentence, which just happened to fall in the middle of offense level 16's sentencing range, was appropriate. If that is the case, then any error by the court probably *is* harmless.

Because the sentencing judge's remarks do not clearly indicate whether he would have imposed the same sentence absent the error, we must assess whether the government has met its burden of "persuad[ing] the court of appeals that the record as a whole indicates 'that the error did not affect the district court's selection of the sentence imposed.'" *See Rodriguez–Razo*, 962 F.2d at 1424 (quoting *Williams v. United States*, 503 U.S. 193, 203, 112 S.Ct. 1112, 1120–21, 117 L.Ed.2d 341 (1992)). In this case, the government has wholly failed to carry its burden. As a result, we remand for resentencing. *Id.*

## III. OTHER SENTENCING ISSUES

█ Because we are remanding Robinson's case for resentencing due to the erroneous application of U.S.S.G. § 2B1.1(b)(1)(G), we do not rule on Robinson's other claims of sentencing error. We note, however, that if the district court on remand again applies a two-point enhancement for obstruction of justice, based on Robinson's allegedly perjurious trial testimony, the court must make

more complete and specific findings than it did. The court must find that Robinson gave (1) false testimony, (2) on a material matter, (3) with willful intent. *United States v. Ancheta,* 38 F.3d 1114, 1118 (9th Cir.1994). Although the court need not specifically address each of these elements, its findings must "encompass[ ] all of the factual predicates for a finding of perjury." *United States v. Dunnigan,* — U.S. —, —, 113 S.Ct. 1111, 1117, 122 L.Ed.2d 445 (1993); *United States v. Arias–Villanueva,* 998 F.2d 1491, 1512–13 (9th Cir.), *cert. denied,* — U.S. —, 114 S.Ct. 359, 126 L.Ed.2d 322 (1993).

## CONCLUSION

The government concedes that Robinson was erroneously sentenced under U.S.S.G. § 2B1.1(b)(1)(G) instead of section 2B1.1(b)(1)(F). Because the government has failed to demonstrate that this error is harmless, we REMAND for resentencing under the proper Guideline section.