65 F.3d 177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Allen PARKER, Defendant-Appellant.
 No. 94-30437.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 23, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Allen Parker appeals his sentence of fifty-seven months imposed following his guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g). Parker contends that the district court failed to consider U.S.S.G. Sec. 3E1.1(b)(2) as a ground for granting an additional one-level reduction for acceptance of responsibility and that he was entitled to this reduction. Parker also argues that the district court failed to make necessary factual findings. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 A district court's application of the Sentencing Guidelines is reviewed de novo. United States v. Colussi, 22 F.3d 218, 219 (9th Cir.1994). The factual findings underlying the denial of the acceptance of responsibility adjustment are reviewed for clear error. Id. at 220.
 
 
 4
 A defendant is entitled to a two-level reduction of his offense level if he "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. Sec. 3E1.1(a). An additional one-level reduction should be granted if the defendant "timely notif[ies] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently." U.S.S.G. Sec. 3E1.1(b)(2). "[T]he timeliness of a defendant's decision to plead guilty will necessarily depend on the extent of trial preparation already undertaken prior to the plea and the decision's proximity in time to the trial date." United States v. Hopper, 27 F.3d 378, 385 (9th Cir.1994); see also United States v. McClain, 30 F.3d 1172, 1174 (9th Cir.) (per curiam) (plea entered eleven days before trial date untimely where prosecutor prepared and served subpoenas and planned exhibits), cert. denied, 115 S.Ct. 609 (1994); cf. United States v. Kimple, 27 F.3d 1409, 1414 (9th Cir.1994) (additional reduction appropriate where at time of defendant's plea, no trial date had been set and government had not yet begun any meaningful trial preparations). The district court must consider and accordingly make findings as to whether the defendant satisfies the requirements of U.S.S.G. Sec. 3E1.1(b)(2). See Colussi, 22 F.3d at 220-21 (sentence vacated where district court made no findings and no facts in record would allow this court to make determination).
 
 
 5
 Parker received the two-level reduction under U.S.S.G. Sec. 3E1.1(a), but was denied an additional one-level adjustment under U.S.S.G. Sec. 3E1.1(b). The presentence report recommended no additional reduction because Parker did not provide information to the government about his involvement and did not timely notify the authorities of his intention of entering a guilty plea. Parker objected to the recommendation, arguing that his plea was timely. At the sentencing hearing, the district court heard further arguments with regard to Parker's entitlement based upon the timeliness of his plea and found that Parker "[did] not qualify for the [additional] one-point reduction on the record in this case" because "the extra point [was] ... for one that provides complete information concerning his own involvement in the offense or timely notifies the authority his intention to enter a plea of guilty." Thus, the district court not only considered U.S.S.G. Sec. 3E1.1(b)(2) but also made findings required for an application of U.S.S.G. Sec. 3E1.1(b)(2). See Colussi, 22 F.3d at 220-21.[1]
 
 
 6
 Further, the district court's findings underlying its denial of the additional reduction for acceptance of responsibility were not clearly erroneous. See id. at 220. Parker planned to accept the government's plea offer on August 16, 1994. He changed his mind the next day, and his attorney informed the government of the change. On August 25, at a detention hearing, Parker again expressed his intention of entering a guilty plea. The district court set the change of plea hearing for August 30 and another trial date for September 7. On the date scheduled for the change of plea hearing, however, Parker decided not to enter a guilty plea and requested a continuance of the trial to September 13. In the meantime, the government issued six subpoenas and drafted a trial memorandum. Parker ultimately entered his guilty plea on September 2. Therefore, Parker's repeated changes of mind delayed the entry of his guilty plea until eleven days before the rescheduled trial date. Parker's conduct also led the government to prepare for trial and caused the district court to set the case for trial several times. See Hopper, 27 F.3d at 385; see also McClain, 30 F.3d at 1174; cf. Kimple, 27 F.3d at 1414.
 
 
 7
 Parker argues that the government's unexpected charge of a new supervised release violation delayed the entry of his plea and he was exercising his constitutional rights to assess the impact of the new charge.[2] However, the alleged surprise could not have caused Parker's first change of mind. The record indicates that Parker's second change of mind came after the parties had agreed that the government would not pursue the supervised release violation if the pending state charge did not prevail. Moreover, there was no evidence that the government retaliated against Parker for exercising his constitutional rights. As the district court explained, "no person is or should be required to make [the] determination [to plead guilty] before the matter is completely thought out;" however, Parker did not make up his mind timely to permit the government to avoid preparing for trial. See United States v. Narramore, 36 F.3d 845, 847 (9th Cir.1994) (incentives for early plea are not "unconstitutional merely because they are intended to encourage a defendant to forgo constitutionally protected conduct").
 
 
 8
 Accordingly, the district court properly determined that Parker was not entitled to an additional reduction under U.S.S.G. Sec. 3E1.1(b)(2). See Colussi, 22 F.3d at 220-21.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Parker argues that the "Fact-Finding Order" did not specifically discuss U.S.S.G. Sec. 3E1.1(b)(2). However, the oral announcement in court resolved the dispute. See United States v. Buchanan, No. 94-10056, slip op. 7907, 7915 (9th Cir. July 16, 1995)
 
 
 [2]
 Parker claims that he was aware of the supervised release in connection with the instant possession of a firearm charge, but did not learn about the newly alleged supervised release violation resulting from a pending state charge of armed robbery until the hearing on August 25, 1994