89 F.3d 847
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
ORLANDO PINEDA-HERNANDEZ, Defendant-Appellant.
 No. 95-50324.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 30, 1996.*
Decided May 3, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Orlando Pineda-Hernandez appeals his sentence under the Sentencing Guidelines for his guilty plea conviction to being a deported alien found in the United States in violation of 8 U.S.C. § 1326(a) and (b)(2). Pineda-Hernandez contends that the district court erred by failing to grant his request for an additional one-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 BACKGROUND
 
 3
 On December 5, 1994, at approximately 2:30 a.m., Border Patrol agents responded to a sensor activation and discovered Pineda-Hernandez hiding in a bush. Upon questioning, Pineda-Hernandez stated he was a Mexican citizen and admitted he was in the United States illegally. Pineda-Hernandez was transported to the Border Patrol Station where he was fingerprinted. After an agent confronted him with his criminal record, Pineda-Hernandez admitted he had a prior conviction for attempted murder. He further stated that he previously had been deported to El Salvador because he told Immigration officers he was from El Salvador in order to be reunited with his wife who lived there.
 
 
 4
 Pineda-Hernandez was arrested and charged with being a deported alien found in the United States in violation of 8 U.S.C. § 1326(a) and (b)(2). On the first day of his trial, the court ruled that Pineda-Hernandez's prior deportation had been lawful and commented on Pineda-Hernandez's general lack of credibility during the testimony. The next day the court decided the deportation issue should go to the jury and the appropriate jury instructions were selected. At this point, Pineda-Hernandez expressed a desire to plead guilty and the court accepted his plea. Two weeks later, Pineda-Hernandez admitted that he had lied to the authorities and the court about his country of origin and stated that he was actually a citizen of El Salvador. He subsequently moved to withdraw his guilty plea believing he now had a new defense to the charges. His motion to withdraw the plea was denied and he was sentenced to fifty-seven months in custody.
 
 DISCUSSION
 
 5
 We review de novo the district court's application of the Sentencing Guidelines. United States v. Fagan, 996 F.2d 1009, 1017 (9th Cir.1993). Whether the defendant has accepted responsibility is a factual determination that we review for clear error. United States v. Gonzalez, 897 F.2d 1018, 1019 (9th Cir.1990).
 
 
 6
 The Sentencing Guidelines mandate an additional one point reduction for acceptance of responsibility when the defendant: (1) qualified for the two-point reduction under section 3E1.1(a); (2) has a base offense level of 16 or greater before the reduction; and 3) has assisted the authorities either by timely providing complete information, or by timely entering a guilty plea. See U.S.S.G. 3E1.1(b); United States v. Colussi, 22 F.3d 218, 220.
 
 
 7
 Pineda-Hernandez satisfied the first two elements of § 3E1.1(b). He received the two points reduction under § 3E1.1(a) and his offense level prior to the reduction under subsection (a) was 24. With regard to the third requirement, Pineda-Hernandez does not argue that he is eligible for the reduction on the grounds that he timely entered a guilty plea. See United States v. Kimple, 27 F.3d 1409, 1413 (9th Cir.1994) (emphasizing that a defendant who pleads guilty on the eve of trial is not entitled to reduction under § 3E1.1(b)(2)). Rather, he contends that the information he provided to officers on the day of his arrest qualifies him for the adjustment under § 3E1.1(b)(1). We disagree.
 
 
 8
 On the day of his arrest, Pineda-Hernandez lied about his country of citizenship, stating he was from Mexico. Pineda-Hernandez perpetuated this lie throughout his proceedings, not admitting his true citizenship until after he pled guilty. Pineda-Hernandez's failure to provide the authorities with complete information regarding his offense conduct failed to "ensure[ ] the certainty of his just punishment in a timely manner." See background notes to U.S.S.G. § 3E1.1. Accordingly, the district court did not clearly err by determining that Pineda-Hernandez was not entitled to an additional one-point reduction. See United States v. Hopper, 27 F.3d 378, 385 (9th Cir.1994).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3