97 F.3d 1461
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose CARBAJAL, Defendant-Appellant.
 No. 94-50491.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 6, 1996.
Decided May 09, 1996.
 
 Before: REINHARDT, KOZINSKI, and HAWKINS, Circuit Judges.
 MEMORANDUM*
 Defendant-Appellant Jose Carbajal appeals from his conviction for conspiracy to possess with intent to distribute methamphetamine and possession with intent to distribute methamphetamine. Carbajal contends (1) insufficient evidence supported the jury's verdicts, and (2) the district court's two-level obstruction of justice enhancement was clearly erroneous. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.
 
 
 1
 Sufficient evidence supported the jury's guilty verdicts. A government witness testified that Carbajal told him "he was a distributor and transporter of the methamphetamine that was being sold in the Martinez, California area." In addition to that testimony, the government connected Carbajal to other members of the conspiracy[1] and linked Carbajal to the 1.7 kilograms of methamphetamine seized from the truck Carbajal was driving.[2] Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt the requisite conspiratorial knowledge and intent. See, e.g., United States v. Torres-Rodriguez, 930 F.2d 1375, 1382 (9th Cir.1991) (holding that evidence that defendant "worked on truck in the garage at [a co-defendant's] residence just before the truck was stopped and found to have a false gas tank that contained drugs," drove the truck carrying the drugs, and had contact with other members of the conspiracy in the past was sufficient to support conspiracy to distribute and possession with intent to distribute convictions).[3]
 
 
 2
 The district court's decision to impose a two-level enhancement for perjury pursuant to U.S.S.G. § 3C1.1 (obstruction of justice) was not clearly erroneous. The district court made specific findings as to each of the three elements of perjury as required by United States v. Dunnigan, 507 U.S. 87, 94-95, 113 S.Ct. 1111, 1116-17 (1993). See United States v. Robinson, 63 F.3d 889, 891-92 (9th Cir.1995) (describing Dunnigan standard).
 
 
 3
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government, for instance, elicited testimony, indicating that Carbajal had contact with his co-conspirators, including the methamphetamine manufacturer for the conspiracy, at and around the time methamphetamine transactions were being planned
 
 
 [2]
 Testimony at trial established that Carbajal had picked up a truck in Lamont, California and driven it to Santa Ana, where he backed it into a co-defendant's garage. Carbajal was then photographed by a law enforcement surveillance officer working with his co-conspirators on the rear left end of the truck. The surveillance officer testified that Carbajal was present when a white trash bag was brought into the garage. Carbajal later drove the truck away. After the police stopped the truck and received consent to search, they found a white trash bag containing 1.7 kilograms of methamphetamine hidden in the rear left end of the truck bed
 
 
 [3]
 Carbajal's argument that his conviction for conspiracy must be reversed because his co-conspirator was acquitted is foreclosed by United States v. Hughes Aircraft Co., Inc., 20 F.3d 974 (9th Cir.), cert. denied, --- U.S. ----, 115 S.Ct. 482 (1994). See id. at 978 ("[T]he conviction of one co-conspirator is valid even when all the other co-conspirators are acquitted.")