87 F.3d 1323
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leticia BRACAMONTES-RODRIGUEZ, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Racial APARACIO-RODRIGUEZ, Defendant-Appellant.
 Nos. 95-30099, 95-30110.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 6, 1996.
Decided June 6, 1996.
 
 Before: REINHARDT, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 1. Bracamontes: Defendant's claims that the district court violated due process by adopting the findings of the PSR and the government's March 7, 1995, sentencing letter are groundless. The court fulfills the requirements of Fed.R.Crim.P. 32(c)(3)(D) when it adopts findings proposed by the government that were supported by the trial record. See United States v. Williams, 41 F.3d 496, 499 (9th Cir.1994). The district court didn't err in adjusting upward under USSG § 2J1.2(b)(1). See, e.g., R.T. 1050-51 (testimony of Maria Celia Palacios-Cruz). Nor did it err in considering the expense of protecting the Carson family and holding material witnesses sufficient to justify enhancement under USSG § 2J1.2(b)(2) & cmt. 1.
 
 
 3
 The district court did, however, clearly err in refusing to decrease by three levels pursuant to USSG § 2X1.1(b)(3)(A); none of the testimony cited by the government (and no other evidence we could find) supports the proposition that defendant was on the verge of committing the offense when arrested. Defendant contested the facts in the PSR supporting enhancement under USSG § 3C1.1, and the district court failed to make the findings required by United States v. Dunnigan, 507 U.S. 87, 94-96 (1993). Compare ER at 128 with United States v. Robinson, 63 F.3d 889, 891-92 (9th Cir.1995). Sentence VACATED and case REMANDED for resentencing.
 
 
 4
 2. Aparacio: The district court didn't err in imposing a two-level upward adjustment under USSG § 3C1.1. The adjustment was based on defendant's letters suborning perjury, not on witness tampering. SER at 32. Neither was there error in the denial of the motion for acquittal. The jury alone decides credibility, Burge v. United States, 342 F.2d 408, 411 (9th Cir.), cert. denied, 382 U.S. 829 (1965), and we thus deem Grand's testimony true. Defendant doesn't contest that this testimony, if believed, was sufficient to support his conviction.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3