141 F.3d 1181
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Eduardo JEREZANO, Defendant-Appellant.
 No. 97-30211.
D.C. No. CR-95-00107-EJL.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1998**.
Decided March 13, 1998.
 
 Appeal from the United States District Court for the District of Idaho, Edward J. Lodge, Chief Judge, Presiding.
 MEMORANDUM*
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 Eduardo Jerezano appeals his guilty plea conviction and 121-month sentence for conspiracy to possess controlled substances with intent to distribute (21 U.S.C. §§ 841(a) & 846), and money laundering (18 U.S.C. § 1956). We have jurisdiction under 28 U.S.C. § 1291. We affirm the conviction, and remand for resentencing.
 
 
 2
 * Jerezano contends that the district court erred by denying him the full three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 because he timely notified the government of his intention to plead guilty. The government concedes that Jerezano's plea was timely and that therefore he is entitled to the full three-level reduction. See United States v. Colussi, 22 F.3d 218, 219-20 (9th Cir.1994). Accordingly, we remand for restencing.
 
 II
 
 3
 Jerezano contends that the district court's finding that he was a "manager or supervisor" under U.S.S.G. § 3B1.1(b) was clearly erroneous. We disagree because the government proved by a preponderance of the evidence that the criminal activity involved five or more participants, and that Jerezano supervised at least one of them. See U.S.S.G. § 3B1.1 comment. (n. 2) (1997); see also United States v. Franco, Nos. 95-50615, 96-50029 and 96-50021, slip op. at 1332-33 (9th Cir. Feb. 11, 1998) (enhancement proper where defendant said he was "the only one that was answering for this merchandise; had codefendant run an errand for him; and set up drug transaction without handling drugs).[1]
 
 III
 
 4
 Jerezano finally contends that he is entitled to either specific performance of the plea agreement or withdrawal of his plea because the government's promise to recommend a sentence in the range of 60 to 96 months for his substantial assistance was rendered illusory by the parties' underestimation of the total offense level. This contention lacks merit. The government fulfilled its promise under the agreement, and the district court's discretionary refusal to depart down to the range recommended by the government provides no basis for withdrawal of the plea. See Fed.R.Crim.P. 11(e)(2) (1994); see also United States v. Turner, 881 F.2d 684, 686 (9th Cir.1989) (enforcing defendant's guilty plea under Rule 11 where the applicable guideline range was higher than defense counsel estimated).
 
 
 5
 AFFIRMED IN PART; REMANDED FOR RESENTENCING.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the district court did not clearly err in finding that Jerezano was a manager or supervisor under section 3B1.1, we also reject Jerezano's contention that he was entitled to application of the safety valve provision. See U.S.S.G. § 5C1.2(4) comment. (n. 5) (1997)