**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Richard G. BELINE, Jr., aka Sealed**
**1, Defendant–Appellee.**

**No. 00–30090.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 11, 2001.

Decided Feb. 7, 2001.

---

Before McKEOWN, W. FLETCHER, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Appellant Richard Beline pleaded guilty to one count of transportation and shipment of child pornography, 18 U.S.C. § 2252A(a)(1), and one count of receipt of child pornography, 18 U.S.C. § 2252A(a)(2)(A), and was sentenced to a term of 37 months imprisonment. He appeals his sentence on the grounds that the sentencing court: (1) improperly considered the results of a court-ordered psychological examination; and (2) refused to grant Beline an additional one-point downward adjustment pursuant to U.S.S.G. § 3E1.1(b).

We conclude that the results of Dr. Traywick's psychological report were improperly forwarded to the probation office and improperly included in the Presentence Report. Given the statements made by the magistrate judge at the initial bail hearing, and the language in the Appearance Bond, it appears that the results of Dr. Traywick's examination were intended only to be used for bail purposes, and not for sentencing purposes, although they were subject to disclosure to the court, including the district judge.

There is, however, nothing in the record to indicate that the district court actually relied in any way upon the results of Dr. Traywick's report in formulating the sentence. Thus we cannot say that this error actually harmed Beline. *See United States v. Collins,* 109 F.3d 1413, 1422 (9th Cir.1997) ("In order to determine whether the sentencing error is harmless, we must 'look to the record, in particular the district court's sentencing remarks, to determine whether the district court would have

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

imposed the same sentence absent the erroneous factor.' *United States v. Robinson*, 63 F.3d 889, 891 (9th Cir.1995) (quoting *United States v. Rodriguez–Razo*, 962 F.2d 1418, 1423 (9th Cir.1992)).") Nowhere did the court indicate that it based its sentence on the information in Dr. Traywick's report, and, in the end, it sentenced Beline at the bottom end of the guideline range.

■ The district court did grant Beline a two-point downward adjustment pursuant to U.S.S.G. § 3E1.1(a) for acceptance of responsibility. The court, however, without explanation, refused to grant the third point pursuant to § 3E1.1(b). This was error. Section 3E1.1(b) *requires* the court to grant an additional one point off if a defendant has been granted the two points under § 3E1 .1(a), provided that he

> assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps: (1) timely providing complete information to the government concerning his own involvement in the offense; or (2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently.

U.S.S.G. § 3E1.1(b). As we stated in *United States v. Eyler*, 67 F.3d 1386, 1390–91 (9th Cir.1995),

> First, if the requirements of § 3E1.1(b) are met, then the additional one point reduction is mandatory, and the district court does not have the discretion to decline to award it. *United States v. Colussi*, 22 F.3d 218, 219–220 (9th Cir. 1994). Second, although § 3E1.1(b) is part of the 'acceptance of responsibility' guideline, the measure of defendant's contrition is generally irrelevant to the § 3E1.1(b) inquiry. While the key inquiry for purposes of section (a) is

whether the defendant has demonstrated contrition, once this has been determined, then the focus of the section (b) inquiry is on timeliness.

Nothing in the record indicates that Beline did *not* plead in a timely manner. Beline was arrested August 30, 1999, by which time he had essentially admitted to his involvement with child pornography in interviews with investigators. His plea agreement was entered into October 28, 1999, less than two months after his arrest; this hardly seems untimely. Given that the government bears the burden of demonstrating that a defendant is not entitled to the additional one point under § 3E1.1(b), *see United States v. Ruelas–Arreguin*, 219 F.3d 1056, 1062 (9th Cir. 2000), and has not met that burden here, Beline was entitled to the additional one-point downward adjustment.

Lastly, Beline argues that his case be assigned to a different judge if it is remanded for resentencing. Such an extraordinary remedy is not justified by the facts of this case. *See United States v. Hanna*, 49 F.3d 572, 578 (9th Cir.1995); *United States v. Sears, Roebuck & Co., Inc.*, 785 F.2d 777, 780 (9th Cir.1986).

We VACATE Beline's sentence and REMAND to the district court for resentencing with instructions to grant Beline an additional one-point downward adjustment pursuant to U.S.S.G. § 3E1.1(b).