**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Bernardo SANCHEZ–GARCIA,**
**Defendant–Appellant.**

No. 98–50750.

D.C. No. CR–98–00007–RT–2.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 14, 2001.*

Decided Sept. 19, 2001.

* The panel unanimously finds this case suitable for decision without oral argument.  Fed.

R.App. P. 34(a)(2).

Before FERNANDEZ, KLEINFELD, and McKEOWN, Circuit Judges.

MEMORANDUM [**]

Appellant Bernardo Sanchez–Garcia appeals his sentence of 97 months imposed after a plea of guilty to one count of conspiracy to possess with intent to distribute and to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of aiding and abetting possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2(a).

Sanchez–Garcia's sole claim on appeal is that the district court erred by refusing to grant him a third point off for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b). If the requirements of § 3E1.1(b) are met, then the additional one point reduction is mandatory. *United States v. Colussi*, 22 F.3d 218, 219–220 (9th Cir.1994). A district court's decision to adjust a defendant's sentence based on acceptance of responsibility is a factual determination reviewed for clear error. *United States v. Villasenor–Cesar*, 114 F.3d 970, 973 (9th Cir.1997).

We find no clear error in the district court's determination that Sanchez–Garcia was not entitled to the one-point downward adjustment under either prong of § 3E1.1(b). First, Sanchez–Garcia did not "timely provid[e] complete information to the government concerning his own involvement in the offense." *Id.* § 3E1.1(b)(1). Although Sanchez's acknowledgment at the time of his arrest that he "was just a broker" is an admission of some wrongdoing, it does not constitute "*complete* information ... concerning his own involvement in the offense." *Id.*

§ 3E1.1(b)(1) (emphasis added). Unlike the defendant in *United States v. Blanco–Gallegos*, 188 F.3d 1072, 1077 (9th Cir. 1999), the case upon which he relies, Sanchez–Garcia did not "g[i]ve a statement which admitted all the elements of the charged crime." Nor was the district court's conclusion that Sanchez–Garcia was entitled to relief from the statutory mandatory minimum sentence pursuant to the "safety valve," U.S.S.G. § 5C1.2, relevant to the § 3E1.1(b)(1) determination. The "tell-all" meeting with prosecutors took place several months *after* he pleaded guilty and cannot be considered "timely" within the meaning of § 3E1.1(b)(1).

Second, the district court did not err in concluding that Sanchez–Garcia did not "timely notify[ ] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently." *Id.* § 3E1.1(b)(2). Application note 6 in the Commentary specifies that "to qualify under subsection (b)(2), the defendant must have notified authorities of his intention to enter a plea of guilty at a sufficiently early point in the process so that the government may avoid preparing for trial and the court may schedule its calendar efficiently."

The exact date when Sanchez–Garcia informed the prosecution of his intention to plead guilty is not clear from the record. But it is clear that Sanchez–Garcia had not informed the prosecution of his intention to plead guilty as of July 13, 1998, when he filed proposed voir dire with the court, obviously indicating his intention to proceed to trial. There is no doubt as to the substantial resources expended by the government by mid-July, including the filing of a thirty-four-page trial memorandum; negotiating, preparing, and filing a stipula-

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

tion regarding the drugs; obtaining an order regarding release of grand jury transcripts; and opposing a motion regarding disclosure of a confidential informant's identity. These are all burdens of which the government would have been relieved had Sanchez–Garcia *timely* informed the government of his intention to plead guilty "at a sufficiently early point in the process so that the government may [have] avoid[ed] preparing for trial and the court may [have] schedule[d] its calendar efficiently." *Id.* § 3E1.1, Application note 6. Although the district court did not specify in its findings exactly what the government had done to prepare for trial up to that point, there exist "facts [that] appear on the face of the record" allowing us to conclude that the preparation did occur. *Colussi,* 22 F.3d at 221.

**AFFIRMED.**