**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Leonardo OSORIO–MUNOZ, Defendant–Appellant.**

No. 01–10063.

D.C. No. CR–00–00018–KJD.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2002.*

Decided July 29, 2002.

Before BROWNING, KOZINSKI, and BERZON, Circuit Judges.

MEMORANDUM**

Leonardo Osorio–Munoz appeals his 51–month sentence imposed following .his guilty plea conviction for conspiracy to distribute and distribution of a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We review de novo the district court's interpretation and application of the Sentencing Guidelines, *United States v. Colussi*, 22 F.3d 218, 219 (9th Cir.1994), and we vacate and remand.

Osorio–Munoz contends that the district court erred by denying him a one-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b).

Because the district court granted the two-level adjustment under § 3E1.1(a), the additional one-level adjustment was mandatory if Osorio–Munoz met the requirements of § 3E1.1(b). *See Colussi*, 22 F.3d at 219–20. Here, the district court erroneously believed that granting the § 3E1.1(b) adjustment was contingent upon the government's approval of such an adjustment. The government concedes that the district court erred in this regard, but contends that any such error was harmless because Osorio–Munoz did not meet the criteria of either subsection (b)(1) or (b)(2).

However, because the district court treated the decision as discretionary in-

---

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

stead of mandatory, it failed to make sufficient factual findings concerning Osorio–Munoz's eligibility for the § 3E1.1(b) adjustment to allow us to conclude that the error was harmless. We therefore vacate Osorio–Munoz's sentence, and remand for the district court to determine whether Osorio–Munoz is eligible for the additional one-level adjustment pursuant to § 3E1.1(b)(1) or (b)(2).[1]

VACATED AND REMANDED.

---

1. We decline to review on direct appeal Osorio–Munoz's ineffective assistance of counsel claim because it requires development of facts not currently in the record. *See United States v. Ross*, 206 F.3d 896, 900 (9th Cir.2000). The district court on remand may consider all evidence relevant to the determination of whether Osorio–Munoz satisfied the requirements of § 3E1.1(b). *See United States v. Matthews*, 278 F.3d 880, 885 (9th Cir.2002) (en banc).

