UNITED STATES of America,
Plaintiff—Appellee,

v.

Darius JACKSON, Defendant—
Appellant.

No. 03–10019.
D.C. No. CR–92–00313–LDG/LRL.

United States Court of Appeals,
Ninth Circuit.

Submitted June 13, 2003.*

Decided Oct. 8, 2003.

Before SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

MEMORANDUM**

Darius Jackson violated the terms of his supervised release by committing an act of domestic violence and by failing to notify the probation officer of an address change within 72 hours. The district court sentenced Jackson to a prison term of eight months and a twenty-four month term of supervised release. Jackson appeals. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

At the hearing, the government attorney represented to the court that Jackson's conduct was a Grade B violation, for which the Guidelines suggest an "applicable range" of four to ten months for someone in Jackson's criminal history category. *See* United States Sentencing Guidelines § 7B1.4(a) (policy statement). This was error. Jackson's conduct was actually a Grade C violation, for which the Guidelines suggest a range of three to nine months. *See id.*

Jackson's attorney did not object to the representation that this was a Grade B violation. We therefore may reverse only for plain error that "affects [the defendant's] substantial rights" and "seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (quotations and alterations omitted).

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

An error resulting in a sentence longer than defendant otherwise could have received undoubtedly affects substantial rights. *See United States v. Portillo–Mendoza*, 273 F.3d 1224, 1228 (9th Cir. 2001). Although Jackson's sentence was within the range suggested by the Guidelines policy statement for a Grade C violation, we cannot tell from the record whether the district judge would have imposed the same sentence had the government properly identified the policy statement applicable to Jackson's conduct. *See United States v. Robinson*, 63 F.3d 889, 891 (9th Cir.1995) (reviewing court should look to record at sentencing "to determine whether the district court would have imposed the same sentence absent the erroneous factor") (quotations omitted). The government has not persuaded us that the error did not affect Jackson's sentence. *See id.* An error resulting in a longer sentence "affect[s] both the fairness and integrity of our judicial system." *Portillo–Mendoza*, 273 F.3d at 1228. The misrepresentation of Jackson's Grade C violation as a Grade B violation may have resulted in a longer sentence and was therefore plain error.

We VACATE the sentence and REMAND for resentencing consistent with this memorandum disposition.

---

* The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.